117 N.J. Super. 425 (1971)
285 A.2d 52
VAN REALTY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PETITIONER-APPELLANT,
v.
CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF TREASURY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 29, 1971.
Decided December 14, 1971.
*427 Before Judges Collester, Mintz and Lynch.
Mr. Theodore A. Lobsenz for appellant.
Mr. Otto F. Blazsek submitted a statement in lieu of brief for respondent City of Passaic.
Mr. Herbert K. Glickman, Deputy Attorney General, submitted a statement in lieu of brief for respondent Division of Tax Appeals (Mr. George F. Kugler, Jr., Attorney General of the State of New Jersey, attorney).
The opinion of the court was delivered by LYNCH, J.A.D.
These are two appeals, submitted together, from judgments of the Division of Tax Appeals concerning assessments for the year 1969 on two separate properties owned by the taxpayer Van Realty, Inc. (Van).[1]
Docket A-1329-70 concerns the land and a 35-family "coldwater" tenement located at 89-91-93 Fourth Street, Passaic, New Jersey (Fourth St. property). Docket A-1328-70 involves the land and three buildings (two 2-family and a 5-family tenement) located at 49-51 Quincy Street, Passaic (Quincy St. property).
In each case the Division of Tax Appeals affirmed the county board assessment of the respective properties as follows:

 Land Bldg. Total
Fourth St. Property $8,050 $87,950 $96,000
Quincy St. property 5,900 27,200 33,100

*428 In each case the Division applied the 85% ratio to true value which is concededly applicable in Passaic. Van appeals from the judgment in both cases.
In each case the only witnesses were Theodore A. Lobsenz, a real estate broker and attorney for Van, and Albert Galik, a broker, and also the city assessor for Passaic.
Van's first argument is the same on both appeals: "The Division erred in not giving full weight to the testimony of the taxpayer's expert; * * *." Appellant's burden here is a heavy one.
Ordinarily, the weight to be accorded expert testimony is a matter left to the reasonable judgment of the Division and its conclusions as to valuation will not be disturbed when found to be supported by substantial evidence. [In re Appeal of the City of East Orange, 103 N.J. Super. 109, 113 (App. Div. 1968)]
The weight to be accorded the respective experts for the taxpayer and the city is clearly for the Division and not for this court.
Van's second argument, common to both cases, is that "Neither the Division nor the Municipality may substitute taxes as a per centage [sic] of gross rent for a finding of true value." The point is obscure. In any event, there is nothing in the record to support the assertion.
As to the Fourth Street property, Van argues that the Division erred in "using as a comparable sale a building sold 2 1/2 years" before October 1, 1968, the assessment date here involved. The sale was not too remote and its weight was for the trier of fact. We find no error in its "use" here.
We come to the error below which is common to both cases and which dictates remand to the Division, i.e., a lack of adequate "findings of fact" (N.J.S.A. 54:2-16) and expression of the reasoning which, applied to the found facts, led to the conclusion below. In N.J. Bell Tel. Co. v. Communications Workers, etc., 5 N.J. 354 (1950), the court said:
It has been said that it is a fundamental of fair play that an administrative judgment express a reasoned conclusion. * * * A conclusion *429 requires evidence to support it and findings of appropriate definiteness to express it. [at 375]
And the findings must be
* * * sufficiently specific under the circumstances of the particular case to enable the reviewing court to intelligently review an administrative decision and ascertain if the facts upon which the order is based afford a reasonable basis for such order. [at 377]
The reversals here may serve to alert the Division, and all quasi-judicial and administrative agencies, to their duty to make adequate findings of fact and to express the reasons for their decisions. There is a compelling need for such bodies to understand what constitutes an adequate finding of fact, the practical reasons why they are mandated, the distinctions between ultimate and basic facts, and the necessity that the findings have evidential support. It is equally necessary that such agencies understand why their reasons must be adequately expressed. See particularly, Davis, Administrative Law Treatise (1958), § 16.01 et seq. at 435-490, and 2 Cooper, State Administrative Law (1965), at 472-478. For New Jersey guidelines, see In re Erie Railroad System, 19 N.J. 110 (1955); D., L. & W.R. Co. v. Hoboken, 10 N.J. 418 (1952); In re Kresge-Newark, Inc., 30 N.J. Super. 489 (App. Div. 1954), and Samuel Hird & Sons, Inc. v. Garfield, 87 N.J. Super. 65 (App. Div. 1965).
We apply these principles to the decisions below. As to the Fourth Street property the Division, in discussing the "income" approach, merely recited the opinions of the respective experts with respect to the effective gross rental, vacancy factor and allowable expenses. The Division made no finding of its own in these respects, nor did it find the "effective net income" or the proper capitalization rate. While the decision speaks of "corrections" thereto, it does not state what they were. Nor did the Division express its reasoning applied to said facts.
*430 While the Division held that the assessment of $96,000 is "fair," it utterly abdicated its function to find "true value." If it had found specific facts and expressed its reasoning, the result might well have been a true value different from that supporting the assessment.
As to the Quincy Street property, we again find inadequate "findings of fact" and reasoning.
At the hearing the appraisal of Van's expert described the land as being "50 x 104." The City's expert testified: "There was eighty feet of land all [sic] together that I priced at $100 a foot, which gave me $8,000 for the valuation * * *." The "Revised Opinion" of the Division said, at one point: "The premises consists of a lot 50 x 104, although there is evidence by Mr. Galik, the assessor, that the lot is 80 feet. This was not contradicted." At another point the opinion reads: "Mr. Lobsenz gave no evidence as to the value of the land. Mr. Galik set up $8,000 as the value of the land, being 80 feet at $100 per front foot. There is some doubt as to whether these were 50 or 80 front feet."
Thereupon the judge concluded that Van had "failed to overcome the presumption of correctness of the County Board" judgment as to land, and affirmed the land assessment of $5,900.
The Division was in error for several reasons: First, the so-called "presumption" in favor of the county board's action "[has] no artificial probative force once substantial evidence to the contrary [is] adduced." Samuel Hird & Sons, Inc. v. Garfield, supra, 87 N.J. Super. at 74-75. There was such evidence here.
Once the "presumption" is met it was the duty of the Division to appraise the testimony and make findings of fact. Samuel Hird & Sons, Inc. v. Garfield, supra, at 75, and other authorities cited above. The Division made no findings of fact as to whether the land had 50 or 80 front feet. If it found it was 50 feet, and if it accepted the assessor's $100 *431 per front foot and applied the 85% ratio, the assessment would be $4,250.
The Division's "findings" are likewise inadequate in other respects. The decision speaks of "usual capitalization rates" and "the expenses ordinarily used." There is no underlying factual finding for those characterizations. And there is the same lack of those findings which are necessary in the economic approach as were missing in the decision on the Fourth Street property (see supra). There is an utter lack of expressed reasoning as to how "the income approach would show the value of the improvements at about $32,000," as "found" by the Division.
The judgments in both cases are reversed and remanded to the Division to make adequate findings of fact in accordance with the views herein expressed. The supplemental determinations called for here are to be filed with this court within 30 days from the date of this opinion. We retain jurisdiction.
NOTES
[1] We note, with considerable dismay, that the representative of the City of Passaic failed to argue on its behalf in these appeals. He simply filed a "Statement in lieu of brief," wherein we are advised that the City of Passaic relies "on the statement of facts and exhibits submitted by the petitioner-appellant Van Realty, Inc., a New Jersey corporation, and especially on the revised opinion of * * * [the] Judge of the Division of Tax Appeals." We deem such representation to be inadequate and of no assistance to the court in the resolution of the issues herein. Such representation is disapproved.