143 N.J. Super. 405 (1976)
363 A.2d 366
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RUBIN CARTER AND JOHN ARTIS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued July 19, 1976.
Decided July 23, 1976.
*406 Before Judges MILMED and ARD.
Mr. Elliot G. Sagor, of the New York bar, argued the cause for appellant Rubin Carter (Messrs. Busch & Busch, attorneys; Mr. Myron Beldock, of the New York bar, of counsel; Mr. Lawrence S. Levine and Ms. Kathleen C. Wresien, of the New York bar, on the brief).
Mr. Lewis M. Steel, of the New York bar, argued the cause for appellant John Artis (Mr. Jeffrey E. Fogel, attorney; Mr. Lawrence S. Levine and Ms. Kathleen C. Wresien, of the New York bar, on the brief).
Mr. Burrell Ives Humphreys, Passaic County Prosecutor, argued the cause for respondent (Mr. John P. Goceljak, Assistant Prosecutor, on the brief; Mr. Humphreys, Passaic County Prosecutor, attorney).
Mr. Jonathan M. Hyman argued the cause for amicus curiae ACLU of New Jersey, Inc. (Ms. Annamay T. Sheppard and Mr. Frank Askin, attorneys).
*407 PER CURIAM.
On May 20, 1976 the trial judge issued an amended order setting bail upon conditions and limiting public comment on this case by "defendants, all attorneys, associates of the attorneys preparing this case for trial, agents, servants and employees." Defendants thereupon filed a motion for leave to appeal to this court from the portion imposing restraints. They then applied to a single judge of the court for a stay of the order. That application was denied, and the motion for leave to appeal was set down for argument before this Part of the court on July 19, 1976. Counsel were informed that if the court decided to grant leave to appeal, it would at the same time hear argument on and consider the merits of the appeal. R. 2:11-2. Defendants then petitioned a single Justice of the State Supreme Court for a temporary stay of the amended order. R. 2:9-8. The matter was referred to the entire court. The application for a stay, pending determination of the issues in this court, was denied. We granted leave to appeal and heard argument on the merits.
There presently exists ample authority for the issuance by a trial court of an order limiting pretrial public comment by the parties and their attorneys. Nebraska Press Ass'n v. Stuart, ___ U.S. ___, 96 S.Ct. 2791, 48 L.Ed.2d ___, 44 L.W. 5149 (1976); Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); State v. Kavanaugh, 52 N.J. 7 (1968); State v. Van Duyne, 43 N.J. 369, 389 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965); Hamilton v. Municipal Court, 270 Cal. App.2d 797, 76 Cal. Rptr. 168, 33 A.L.R.3d 1029 (D. Ct. App. 1969), cert. den. 396 U.S. 985, 90 S.Ct. 479, 24 L.Ed.2d 449 (1969); Annotation, "Validity and construction of state court's pretrial order precluding publicity or comment about pending case by counsel, parties or witnesses," 33 A.L.R.3d 1041 (1970). Initially, it should be noted that the concept of a fair trial applies both to the State and to the defense. United States v. Tijerina, 412 F.2d 661, 666 (10 Cir.1969), cert. den. 396 U.S. 990, 90 S.Ct. 478, 24 L.Ed.2d 452 (1969). *408 Comments before or during a trial which have the capacity to influence potential or actual jurors to the possible prejudice of the accused or the State are impermissible. State v. Van Duyne, supra.
In Nebraska Press Ass'n v. Stuart, supra, Chief Justice Burger in his opinion for a majority of the court notes (at ___ U.S. ___, 96 S.Ct. 2791, 44 L.W. 5153) the warning given by the Supreme Court in Sheppard v. Maxwell, supra, 384 U.S. at 363, 86 S.Ct. at 1522, that "the cure" for an unfair trial
* * * lies in those remedial measures that will prevent the prejudice at its inception. The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences. Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function. * * * [Emphasis supplied]
Justice Brennan, in his concurring opinion in Nebraska Press Ass'n, pointed out that
* * * judges may stem much of the flow of prejudicial publicity at its source, before it is obtained by representatives of the press. [___ U.S. ___, ___, 96 S.Ct. at 2823, 44 L.W. at 5167]
He noted that
A significant component of prejudicial pretrial publicity may be traced to public commentary on pending cases by court personnel, law enforcement officials, and the attorneys involved in the case. In Sheppard v. Maxwell, supra, we observed that "the trial court might well have proscribed extraordinary statements by any lawyer, party, witness, or court official which divulged prejudicial matters." 384 U.S., at 361 [86 S.Ct. 1507 at 1521]. See also id., at 360 [86 S.Ct. 1507 at 1521] ("the judge should have sought to alleviate this problem [of publicity that misrepresented the trial testimony] by imposing control over statements made to the news media by counsel, witnesses, and especially the Coroner and police officers."); id., at 359, 363 [86 S.Ct. at 1521, 1522]. As officers of the court, court personnel and attorneys have a fiduciary responsibility not to engage in public debate that will redound to the detriment of the accused or that will obstruct the fair administration of justice. It is very doubtful that the court would not have the power to control release of information by these individuals in appropriate cases, see In re *409 Sawyer, 360 U.S. 622 [79 S.Ct. 1376, 3 L.Ed.2d 1473] (1959), and to impose suitable limitations whose transgression could result in disciplinary proceedings. Cf. New York Times Co. v. United States, supra, 403 U.S. 713 at 728-730 [91 S.Ct. 2140, 29 L.Ed.2d 822] (Stewart, J., with whom White, J., joins, concurring). Similarly, in most cases courts would have ample power to control such actions by law enforcement personnel. [___ U.S. at ___, 96 S.Ct. ___, 2823 44 L.W. at 5167-5168, n. 27]
Attorneys, including those permitted to speak pro hac vice, R. 1:21-2, are subject to the Disciplinary Rules of the Code of Professional Responsibility of the American Bar Association, as amended by our Supreme Court. In essence, the restraints imposed by the trial judge in the amended order are substantially similar to those imposed by Disciplinary Rules 7-107 (B), (C) and (D) upon lawyers associated with the prosecution or defense of criminal matters. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Fair Trial and Free Press, § 1.1 (approved draft 1968). There is, however, one substantial difference. The amended order would preclude "discussion of all prior proceedings including but not limited to the prior trial in State v. Carter and Artis," while the pertinent Disciplinary Rule would not preclude a lawyer "from announcing `Quotations from or references to public records of the court in the case.'" DR 7-107(C)(9). We find no sound basis for the failure to allow this exception provided by the rule.
Beyond this, there is an absence of appropriate findings of fact by the trial court necessary to support the issuance of the order. Neither the amended order nor the opinion which precedes it contains adequate specific findings of prejudicial pretrial publicity emanating from defendants or their attorneys. While, in his opinion, the trial judge refers to his examination of "numerous newspaper accounts,"[1] he does *410 not proceed to an analysis of the articles and the making of specific findings as to whether defendants or any counsel made public comment or statements deemed prejudicial to the conduct of a fair trial and which would undermine the impartiality of prospective jurors. We are satisfied that before valid prior restraints such as these may issue it must first appear from specific findings that there is a reasonable likelihood of prejudicial pretrial publicity which would make difficult the impaneling of an impartial jury and tend to prevent a fair trial. United States v. Tijerina, supra; Sheppard v. Maxwell, supra, 384 U.S. at 363, 86 S.Ct. 1507, 16 L.Ed.2d at 620. Here, there is virtually nothing in the trial judge's opinion and amended order to reflect what evidence there was to support his conclusion that "there exists a reasonable likelihood of a serious and imminent threat to the administration of justice."
If a prior restraint is deemed necessary, it is incumbent upon the trial judge to make adequate findings of fact and to express explicitly the reasons for his decision to impose the restraints. This court would then have a sound basis for determining whether he did or did not mistakenly exercise his discretion in the matter. See Reiser v. Simon, 63 N.J. Super. 297, 300-301 (App. Div. 1960); Van Realty, Inc., v. City of Passaic, 117 N.J. Super. 425, 428-429 (App. Div. 1971).
The parts of the amended order of May 20, 1976 appealed from are reversed and the matter is remanded to the trial court for a new hearing and for specific findings of fact and conclusions of law and the entry of an order consistent therewith. Such hearing is to be concluded and the court's detailed findings, conclusions and order are to be filed with this court on or before August 5, 1976. Counsel may, not later than ten days thereafter, submit to us by letter such supplemental comments as they may wish to make. We retain jurisdiction.
NOTES
[1] Obviously referring to two volumes of clippings of published material which were introduced in evidence as exhibits on May 20, 1976, the day the judge announced his opinion and amended order.