TOWNSHIP OF UNION IN THE COUNTY OF UNION, A MUNICI-PAL CORPORATION OF THE STATE OF NEW JERSEY, AP-PELLANT, v. POLICE AND FIREMEN'S RETIREMENT SYS-TEM OF NEW JERSEY AND DAVID E. SIGLOCH, RESPON-DENTS.

Superior Court of New Jersey
Appellate Division

Submitted September 24, 1977—Decided October 3, 1979.

Before Judges SEIDMAN, MICHELS and DEVINE.

*Messrs. Kein & Pollatschek*, attorneys for appellant (*Mr. Donald G. Kein*, on the brief).

*Mr. John J. Degnan*, Attorney General of New Jersey, attorney for respondent Board of Trustees (*Ms. Erminie L. Conley*,

Assistant Attorney General, of counsel; *Mr. Samuel J. Halpern,* Deputy Attorney General, on the brief).

Respondent David E. Sigloch did not file a brief.

PER CURIAM.

In July 1976 the Township of Union filed an application with the Police and Firemen's Retirement System for the award of an accidental disability retirement allowance to David E. Sigloch, a police officer who had been injured while in its employ. The Board of Trustees denied the application. An administrative hearing followed, at the conclusion of which the hearing officer submitted a report recommending that the denial be affirmed. The Board then issued its final determination adopting the hearing officer's report and denying the application. This appeal followed.

The township's application was the outgrowth of a 1971 incident in which Sigloch was injured while pursuing two juvenile escapees from a mental institution on his motorcycle. The motorcycle struck a bump, causing it to fall and drag the officer along the ground. In January 1976 the township terminated Sigloch's employment because of excessive absences from work allegedly caused by a knee injury sustained in the accident and also by reason of the unavailability of permanent light duty or jobs which the officer could perform for the township police department. Later, the township filed the application here involved.

*N.J.S.A.* 43:16A–7 provides for an accidental disability pension where it is medically established that the member of the pension system is "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties  *  *  *." While the hearing officer here found in his report and recommendations that the accident in question was a traumatic event caused by external violence, he went on to explain that the two orthopedists who testified arrived at diametrically opposite con-

clusions with respect to the officer's permanent and total disability to perform his duties and that, "without more," he was "not in a position to afford more weight or validity to the testimony of either expert." He said further that, "[f]aced with the completely contradictory testimony of two experts, of equal expertise, and *without more*, it must be concluded that the Petitioner has failed in establishing the burden imposed upon him by law." (Emphasis supplied.)

The Administrative Procedure Act, *N.J.S.A.* 52:14B–10, requires a hearer who is not empowered to make an adjudication, as was the case here, to file a report and decision containing recommended findings of fact and conclusions of law. *N.J.S.A.* 52:14B–10(c). The report is subject to adoption, rejection or modification by the agency head. *Ibid.* A final decision adverse to a party in a contested case must include findings of fact (which may be accomplished by incorporating by reference the hearer's findings) and such findings "shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." *N.J.S.A.* 52:14B–10(d); *cf. R.* 1:7–4.

There can be no meaningful judicial review of an administrative agency's decision unless there is strict compliance with the mandate of the statute. *Van Realty, Inc. v. Passaic,* 117 *N.J.Super.* 425, 429 (App.Div.1971). Apart from routine findings of fact that do not bear significantly upon the hearer's recommendation to affirm the denial of the application, the hearer found only that petitioner had not established by a fair preponderance of the evidence that there was a "causal relationship between the accident and the disability," or that petitioner was "permanently and totally disabled from performing his usual or assigned duties." These conclusionary statements do not in our view satisfy the requirements of the statute. The medical testimony was in conflict, but the record also contained the officer's testimony concerning his disability as well as corroborating testimony of a police lieutenant and an arthrograph report of a "Buckle handle tear of the medial meniscus of the

left knee." In the light of the record, the hearing officer, as the trier of the fact, had the responsibility and duty of analyzing the facts, both lay and medical; stating which expert opinion he believed and why and making the requisite findings of fact. He failed in this regard, as did the Board of Trustees by its adoption of "the findings of fact and conclusions of law as contained in the Hearing Officer's Report."

We are therefore constrained to reverse the final determination of the Board of Trustees and to remand the matter to the Board with direction that the hearing officer submit for its consideration an amended report and recommendations containing specific findings of fact and conclusions with respect to the nature and extent of the officer's disability, the effect thereof on his ability to perform his usual or assigned duties and the causal relationship between the accident and the disability; and "a concise and explicit statement of the underlying facts supporting the findings." The Board shall then make such final determination as it deems appropriate in light of the amended report. Copies of the amended report and recommendations and of the new final determination shall be filed with the court. The foregoing shall be completed within 45 days from the date hereof. Each attorney shall serve and file with the court supplemental letter memoranda not later than 15 days thereafter.

Reversed and remanded for further proceedings consistent with the foregoing. Jurisdiction is retained.