MANALAPAN–ENGLISHTOWN EDUCATION ASSOCIATION, AP-
PELLANT, v. BOARD OF EDUCATION OF THE MANALAPAN–
ENGLISHTOWN REGIONAL SCHOOL DISTRICT, MONMOUTH
COUNTY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 6, 1981—Decided January 30, 1981.

Before Judges FRITZ and POLOW.

*Michael D. Schottland* argued the cause for appellant (*Chamlin, Schottland, Rosen & Cavanagh,* attorneys; *Michael D. Schottland* on the brief).

*Sanford D. Brown* argued the cause for respondent (*Dawes & Youssouf,* attorneys; *Sanford D. Brown* on the brief; *John I. Dawes* of counsel).

*John J. Degnan,* Attorney General of New Jersey, filed a statement in lieu of brief on behalf of State Board of Education (*Jaynee LaVecchia,* Deputy Attorney General, of counsel and on the statement).

The opinion of the court was delivered by

FRITZ, P.J.A.D.

This is an appeal by a local education association (association) from a determination by the Commissioner of Education, affirmed by the State Board of Education on the opinion of the Commissioner, that a local board of education did not err in failing to certify certain disciplinary charges against a principal under *N.J.S.A.* 18A:6–11.

■ At the outset we observe that on this appeal the Association asks us to declare that the local board of education should not engage in factfinding under *N.J.S.A.* 18A:6–11 proceedings. We will not address this question because we are satisfied that it was not isolated below by the appellant sufficiently to be considered as an issue having been there raised. In its appeal to the Commissioner the Association merely complained that the local board "misapplied the standard required under the Statute." The parties conferred in the office of the Assistant Commissioner of Education in charge of controversies and disputes prior to consideration of the appeal. Certain agreements and stipulations were reached. An order was entered which spoke of the anticipated determination simply as one of "whether or not the [local] Board will be compelled to certify the tenure charges." It is true that the local board argued before the Commissioner in support of its "quasi-judicial evaluative function," and in his opinion the Commissioner discussed the charg-

ing function of the local board at some length. But this discussion failed to zero in on the precise issue respecting factfinding by the local board and, more importantly, failed to recognize or comment upon the role such factfinding, if any, should play in the Commissioner's statutorily imposed hearing obligation.

The closest the opinion of the Commissioner came in regard to the question of a factfinding privilege in the local board was his view that in the light of the statutory history and *In re Fulcomer*, 93 *N.J.Super.* 404 (App.Div.1967), *L.* 1975, *c.* 304 had added a "new dimension" to the *N.J.S.A.* 18A:6–11 responsibility of local boards which now have "been granted certain discretionary parameters with respect to certifying tenure charges to the Commissioner which did not exist at the time of [*McCabe v. Brick Tp. Bd. of Ed.,* 1974 *S.L.D.* 299, aff'd Docket A–3192–73, New Jersey Superior Court, App.Div., April 2, 1975 (1975 *S.L.D.* 1073) ]." We do not believe we should take on such a fundamental and important question without its having been addressed at the outset in the local board and thereafter precisely considered. *See Nieder v. Royal Indem. Ins. Co.,* 62 *N.J.* 229, 234 (1973); *Jackson v. Muhlenberg Hospital,* 53 *N.J.* 138, 141–142 (1969).

We turn to the substantive issues raised on this appeal. While a review of the teachers' complaints produces an intuitive repulsion, considering such events as an alleged course of four-letter word profanities and an admitted physical ejection of a teacher by the principal from his office, that is not the concern here. Simply enough, the problem implicates only questions expressly projected by the statute, *N.J.S.A.* 18A:6–11: (1) Is there probable cause to credit the evidence in support of the charge and (2) is such a charge, if credited, sufficient to warrant the dismissal of a tenured principal or a reduction of his salary? These are the questions which the local board should have answered. Whether it did and, if so, whether it did so properly is the question which the Commissioner was called on to decide by the appeal of the Association to him. Irrespective of whether the local board had a factfinding function, it was certainly

not theirs to decide any issues at that point except (1) and (2) above. Nor was it for the Commissioner then to determine the merits of the complaints. He does not do that until after a certification. *N.J.S.A.* 18A:6–16.

Our review is of the action of the Commissioner to see if he performed that duty correctly, for the appeal to us is from the action of the State Board which summarily affirmed the Commissioner.

■ We are satisfied that the Commissioner recognized the task set for him. He stated his obligation in terms of a purported determination by the local board, "that there was not probable cause to credit the evidence in support of [the] charges," a statement repeated at least twice in his opinion. The difficulty is that the conclusion of the Commissioner thereby implied revolves around a discussion of the limits, if any, of the local board's factfinding prerogative and nowhere addresses that which the local board in fact did. The Commissioner has supplied us with no findings at all to aid us in a review of whether he reasonably reached his conclusion that the local board determined there was not probable cause to credit the evidence. His further bare conclusion that the local board "did not abuse its discretionary authority as alleged" is also otherwise unsupported. Without such findings an intelligent assessment of the conclusionary statements of the Commissioner is impossible. *Van Realty, Inc. v. Passaic,* 117 *N.J.Super.* 425, 429 (App.Div.1971).

Nor does a "finding" that "two such charges have been cured by courts of competent jurisdiction" or that "remaining charges lacked the specificity and did not rise to the level of tenure charges" respond to the inquiry. Such "findings" do not relate to the local board's responsibility which is, as noted above, to determine if there is probable cause to credit the evidence and if so to warrant sanctions. At the very best, these constitute findings more appropriate to a *N.J.S.A.* 18A:6–16 proceeding.

A "harmless error" type argument might be advanced that the Commissioner was thus performing a permissible subsection

16 function as though the charges had been certified. Arguably, he is expressing an opinion that "the charges are not sufficient to warrant dismissal or reduction in salary," and so has determined to dismiss the charges. In this respect we note at the outset that he is not privileged to make subsection 16 findings except after a hearing upon notice "to all parties in interest." Passing this for the moment, we observe that if our task were to review the Commissioner's findings as though they were subsection 16 findings, we would reverse on the basis that the record does not support either (1) a "cure" of misconduct charges by the finding in a municipal court that charges there have not been proved beyond a reasonable doubt, or (2) any lack of specificity in the individual matters. The Aitken charge clearly accused the principal of lying in the course of official conduct. The Hitzel complaint expressly repeated gutter language of an unseemly and unprofessional nature alleged to have been uttered by the principal in a school corridor, presumably during school hours. The Takach denouncement detailed, among many other things, the secreting by the principal of congratulatory letters and the diversion of other material properly destined for the teacher's personnel file in a "concerted effort ... to force Ms. Takach's resignation." The Murphy accusation described a physical assault on school property in conduct admitted by the principal. Whatever else these charges were or were not, they certainly cannot be reasonably said to lack specificity.

We conclude, then, that we must reverse the decision below principally because it lacks findings necessary to a meaningful assay of the Commissioner's conclusions, to the extent that those conclusions deal with the question of whether the local board did or did not find probable cause for crediting the evidence in support of the charges.

The temptation is great at this point to invoke our original jurisdiction under *R.* 2:10–5 and finally dispose of these matters which have nettled the school system and its components, including the citizenry, for so long. In fact, we have the way pointed to such a review in the resolution of the local board. Close

examination of this also suggests that whatever the determination there of the probable cause, the sins of the principal, if any, were not in any event sufficient to warrant a sanction, at least in the minds of the local board persons. But we resist that temptation, first, because here the local board did not make adequate findings in this respect. Secondly, in this connection at least, we have less than adequate knowledge of the field to come to an unadvised decision. Here is where the Commissioner's expertise is invoked by the statute (among other things, for a reviewing court's benefit) and why the hearing of the charges, if there is to be a hearing, is entrusted to him.

Accordingly, we remand to the local board of education. Not to determine that the Aitken charge fails because of a confusion between various parties in the use of the word "observation." Not to determine that the Hitzel and Takach accusations leave more questions than answers or that the proof is insufficient respecting the charges if the charges were to be believed. Not to determine that the Murphy complaint of an admitted physical confrontation lost its thrust as a challenge to "unbecoming conduct, or other just cause" (*N.J.S.A.* 18A:6–10) because the principal was not deemed beyond a reasonable doubt to have committed a criminal act. We remand so that the local board now may do what it should have done then: expressly determine whether "there is probable cause to credit the evidence in support of the charge[s] and whether such charge[s], if credited, [are] sufficient to warrant a dismissal or reduction of salary" and then to articulate plainly the reasons for the determination respecting those questions. Following that response the matter shall take whatever administrative course is then available to the parties.

We pause to make it entirely clear that we choose up no sides: none of the foregoing is to be deemed an expression of views of the substantive controversy.

Remanded to the Board of Education of the Manalapan-Englishtown Regional School District. We do not retain jurisdiction.