IN THE MATTER OF THE TENURE HEARING OF ROBERT E. DOYLE, SCHOOL DISTRICT OF THE TOWNSHIP OF PEMBERTON, COUNTY OF BURLINGTON.

Superior Court of New Jersey
Appellate Division

Argued April 24, 1985—Decided May 14, 1985.

Before Judges FRITZ, GAULKIN and LONG.

*Joel S. Selikoff* argued the cause for appellant *Robert E. Doyle* (*Selikoff & Cohen,* P.A., attorneys).

*Ernest N. Sever* argued the cause for respondent Board of Education of the Township of Pemberton (*Sever & Hardt,* attorneys).

*Irwin I. Kimmelman,* Attorney General, submitted a statement in lieu of brief on behalf of the State Board of Education (*June Kanter,* Deputy Attorney General, on the statement).

The opinion of the court was delivered by

GAULKIN, J.A.D.

Robert E. Doyle, a tenured teacher with the Pemberton Board of Education (Board), appeals from a decision of the State Board of Education which found him guilty of conduct unbecoming a teacher and ordered his dismissal.

The Board certified seven charges to the Commissioner of Education, each involving Doyle's alleged use of unnecessary force against a student in violation of *N.J.S.A.* 18A:6–1. Upon Doyle's request, the matter was heard by an Administrative Law Judge (ALJ) as a contested case. *N.J.S.A.* 52:14F–1 *et seq.* In her Initial Decision, the ALJ concluded that the allegations of Counts 1, 2, 3, 4, 5 and 6 had been proved and that "the pattern of unacceptable conduct warrants the removal of Dr. Doyle from his position." Upon his review of the record, the Commissioner found "sufficient evidence" in support of the Counts 1, 2, 3 and 5, but rejected the recommendations of the ALJ as to Counts 4 and 6. The Commissioner also concluded that dismissal would be "unduly harsh" within the meaning of *In re Fulcomer*, 93 *N.J.Super.* 404 (App.Div.1967); he instead ordered that Doyle be "deprived of salary for the 120-day suspension period plus an additional 30 days' salary and that any salary increment for 1983–84 be withheld."

The Board appealed and Doyle cross-appealed to the State Board of Education. The Legal Committee of the State Board (*N.J.A.C.* 6:2–1.14) proposed affirmance of the Commissioner's decision that Doyle's actions constituted conduct unbecoming a teacher but recommended "increasing the penalty ... to suspension without pay for one full academic year, as well as withholding of increment for 1983–84." The State Board ordered, with four dissenting votes, that "[t]he initial decision of the [ALJ] is reinstated and adopted by the State Board of Education for the reasons expressed therein." Doyle appeals from that decision.

Doyle first urges that the findings of the ALJ, expressly adopted by the State Board, were "unsupported by sufficient

substantive credible evidence in this record" and were "incomplete and erroneously applied, contrary to the express provisions of the pertinent statute, *N.J.S.A.* 18A:6–1." With respect to Counts 1, 2, 3 and 5, we find this contention entirely unpersuasive. Our review of the record satisfies us, to the contrary, that the facts found by the ALJ and thereafter adopted by both the Commissioner and the State Board are amply supported by substantial credible evidence in the record (*Mayflower Securities v. Bureau of Securities*, 64 *N.J.* 85, 92–93 (1973)), that those findings are sufficiently articulated to permit their intelligent review (*State Health Dep't v. Tegnazian*, 194 *N.J.Super.* 435, 442–43 (App.Div.1984)) and that they fully justify the conclusion that Doyle violated *N.J.S.A.* 18A:6–1 on each of those four occasions. We similarly find without merit Doyle's contention that the evidence of prior warnings was of "questionable relevancy" and was given "improper weight"; the evidence was properly received and, we are satisfied, had no undue impact on the administrative decisions.

We find, however, that the decision of the State Board as to both Counts 4 and 6 and as to penalty is flawed because, as Doyle urges, the State Board "failed to articulate the reasons for its rejection" of the contrary findings of the Commissioner as to those matters. As already noted, the State Board simply adopted and reinstated the findings and conclusions of the ALJ. An administrative agency can properly adopt the findings and conclusions of an ALJ, of course, where the ALJ has addressed the entire record. *See N.J.S.A.* 52:14B–10(c). But here the record which had been considered by the ALJ was thereafter supplemented by the decision of the Commissioner; it was the record as thus supplemented which the State Board had an obligation to consider. *Cf. N.J.S.A.* 52:14B–10(c); *Greater Boston Television Corp. v. F.C.C.*, 444 *F.*2d 841 (D.C. Cir.), *cert.* den. 403 *U.S.* 923, 91 *S.Ct.* 2233, 29 *L.Ed.*2d 701 reh. den. 404 *U.S.* 877, 92 *S.Ct.* 30, 30 *L.Ed.*2d 125 (1971); *Public Advocate Dep't v. Public Utilities*, 189 *N.J.Super.* 491 (App. Div.1983). The Commissioner gave a reasoned and articulate

explanation for his rejection of the ALJ findings with respect to Counts 4 and 6 and to the penalty to be imposed. The State Board did not address the Commissioner's findings or conclusions, nor did it explain why it rejected them. In performing our task of determining whether the decision of the State Board is supported by sufficient credible evidence (*Dore v. Bedminster Tp. Bd. of Ed.*, 185 *N.J.Super.* 447, 453 (App.Div.1982)), we must take into account whatever in the record fairly detracts from its weight. *St. Vincent's Hospital v. Finley*, 154 *N.J.Super.* 24, 31 (App.Div.1977). Since the State Board decision does not undertake to evaluate the Commissioner's contrary assessments, we cannot fairly say whether the findings and conclusions of the State Board as to Counts 4 and 6 and penalty are in fact supported by substantial credible evidence. *Id.*, at 31–33; *cf. Tegnazian*, 194 *N.J.Super.* at 450.

Our concern is not for mere procedural nicety. Here a tenured teacher of long service has been dismissed from his professional employment because of six unrelated events occurring over a period of more than three years; it is conceded that no one of the incidents alone would have warranted disciplinary action. The Commissioner, who brings expertise to the administrative process (*Manalapan-Englishtown Ed. Ass'n ι. Bd. of Ed.*, 187 *N.J.Super.* 426, 432 (App.Div.1981)), regarded the sanction of dismissal as being "unduly harsh." The Legal Committee of the State Board agreed that dismissal would be too harsh. Four members of the State Board dissented from the decision to dismiss. In that setting, we do not regard our insistence that the State Board specifically evaluate the findings and conclusions of the Commissioner to be a cosmetic exercise.

We therefore vacate the State Board decision insofar as it sustains the Count 4 and 6 charges and orders Doyle's dismissal; we affirm the State Board decision as to Counts 1, 2, 3 and 5. The matter is remanded to the State Board for reconsideration of its findings and conclusions as to Counts 4 and 6 and the penalty to be imposed in light of the *Fulcomer* standards.

Since Doyle's dismissal has been stayed pending this appeal, the State Board shall permit the parties to present any additional proofs arising out of Doyle's continued employment as might fairly bear on its application of the *Fulcomer* standards.[1]

Affirmed in part, vacated in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1]We were advised at oral argument that there have been no further incidents during the pendency of the appeal.