672 A.2d 1167

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTEC-
TION AND ENERGY, PETITIONER–RESPONDENT, v. OCCI-
DENTAL CHEMICAL CORPORATION, RESPONDENT–APPEL-
LANT.

Superior Court of New Jersey
Appellate Division

Submitted January 31, 1995—Decided March 24, 1995.

460

Before Judges MICHELS and STERN.

*Capehart & Scatchard,* attorneys for appellant Occidental Chemical Corporation (*Bruce L. Harrison,* of counsel and on the brief).

*Deborah T. Poritz,* Attorney General of New Jersey, attorney for respondent Department of Environmental Protection (*Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Karen Lynn Hershey,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

The final administrative action of petitioner New Jersey Department of Environmental Protection & Energy (Department) that found that respondent Occidental Chemical Corporation (Occidental) failed to immediately notify it of an air contamination release of vinyl chloride monomer, a highly toxic substance, as required by *N.J.S.A.* 26:2C–19(e) of the Air Pollution Control Act, is affirmed substantially for the reasons expressed by Acting Commissioner Fox in her final decision of November 30, 1993.

We are satisfied from our study of the record and the arguments presented that the determination of the Acting Commissioner was not arbitrary, capricious or unreasonable, was supported by sufficient credible evidence in the record, and did not violate the legislative policies expressed or implied in the Air Pollution Control Act administered by the Department. *See Henry v. Rahway State Prison,* 81 *N.J.* 571, 579–80, 410 *A.*2d 686 (1980); *Campbell v. Dept. of Civil Service,* 39 *N.J.* 556, 562, 189 *A.*2d 712 (1963); *Matter of Doyle,* 201 *N.J.Super.* 347, 349–50, 493 *A.*2d 54 (App.Div.1985); *Dore v. Bedminster Tp. Bd. of Ed.,* 185 *N.J.Super.* 447, 453, 449 *A.*2d 547 (App.Div.1982). *See also In re Boardwalk Regency Casino License Application,* 180 *N.J.Super.* 324, 333–335, 434 *A.*2d 1111 (App.Div.1981), *mod.,* 90 *N.J.* 361, 447 *A.*2d 1335 (1982), *app. dism. sub nom. Perlman v. Attorney General of New Jersey,* 459 *U.S.* 1081, 103 *S.Ct.* 562, 74 *L.Ed.*2d

927 (1982). *See also R.* 2:11–3(e)(1)(D). Moreover, all the issues of law raised by petitioner are clearly without merit. *R.* 2:11–3(e)(1)(E).

■ We emphasize that our role in reviewing the Acting Commissioner's findings in a case of this kind is to determine "whether the findings of fact could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole," ... and "[w]here expertise is a pertinent fact, ... [to] accord due regard in that respect as well." *In re Boardwalk Regency Casino License Application, supra,* 180 *N.J.Super.* at 333, 434 *A.2d* 1111. *See Matter of Hotel and Restaurant Emp. and Bartend.,* 203 *N.J.Super.* 297, 316, 496 *A.2d* 1111 (App.Div.), *certif. denied,* 102 *N.J.* 352, 508 *A.2d* 223 (1985), *cert. denied,* 475 *U.S.* 1085, 106 *S.Ct.* 1467, 89 *L.Ed.2d* 723 (1986). *See also In re Suspension of Heller,* 73 *N.J.* 292, 309, 374 *A.2d* 1191 (1977); *Mayflower Securities v. Bureau of Securities,* 64 *N.J.* 85, 92–93, 312 *A.2d* 497 (1973); *Jackson v. Concord Company,* 54 *N.J.* 113, 117–18, 253 *A.2d* 793 (1969). We are satisfied that sufficient evidence appears in the record to support the Acting Commissioner's findings and conclusions.

■ Furthermore, it is not our function to substitute our independent judgment for that of an administrative body, such as the Department, where there may exist a difference of opinion concerning the evidential persuasiveness of the relevant proofs. *De Vitis v. New Jersey Racing Com'n,* 202 *N.J.Super.* 484, 489, 495 *A.2d* 457 (App.Div.), *certif. denied,* 102 *N.J.* 337, 508 *A.2d* 213 (1985); *In re Boardwalk Regency Casino License Application, supra,* 180 *N.J.Super.* at 334–335, 434 *A.2d* 1111; *First Sav. & L. Assn. of E. Paterson v. Howell,* 87 *N.J.Super.* 318, 321–22, 209 *A.2d* 343 (App.Div.1965), *certif. denied,* 49 *N.J.* 368, 230 *A.2d* 400 (1967). As a reviewing court, we will not weigh the evidence anew, draw inferences and conclusions from the evidence or resolve conflicts therein.

We also point out that the decisions of administrative agencies, such as the Department, carry with them the presumption of correctness. *Gerba v. Public Employees' Retirem. Sys. Trustees,* 83 *N.J.* 174, 189, 416 *A.*2d 314 (1980); *Korelnia v. Pub. Employees' Retirem. Sys. Trustees,* 83 *N.J.* 163, 416 *A.*2d 308 (1980). The interpretation by an administrative agency of a statute, which it is authorized to enforce, is entitled to substantial weight. *Matter of Board of Educ. of Town of Boonton,* 99 *N.J.* 523, 534, 494 *A.*2d 279 (1985), *cert. denied sub nom.,* 475 *U.S.* 1072, 106 *S.Ct.* 1388, 89 *L.Ed.*2d 613 (1986). We may not vacate an agency's decision because of doubts as to its wisdom or because the record may support more than one result. *See Henry v. Rahway State Prison, supra,* 81 *N.J.* at 579–80, 410 *A.*2d 686.

The purpose of the notification requirement contained in *N.J.S.A.* 26:2C–19(e), of the Air Pollution Control Act, is to ensure that the Department is immediately notified of a release of a toxic substance so that if the release involves either the risk of serious harm to the public health, or to the environment, or the risk of panic, those risks could be minimized through either the Department's emergency response team or by local efforts coordinated by the Department. As our Legislature recognized by its enactment of *N.J.S.A.* 26:2C–19(e), it is absolutely imperative that the Department be notified of such a release immediately, so that help can be dispatched, evacuation started, traffic patterns rerouted, and local police, fire, hospitals and ambulance squads and the local civil defense office notified. To do this effectively, however, it is imperative that the Department receive immediate notice of a release.

The term "immediate", which is not defined in the Air Pollution Control Act, must be given its ordinary and commonly understood meaning. *N.J.S.A.* 1:1–1; *Jamouneau v. Harner,* 16 *N.J.* 500, 513, 109 *A.*2d 640, *cert. denied,* 349 *U.S.* 904, 75 *S.Ct.* 580, 99 *L.Ed.* 1241 (1955). According to *Black's Law Dictionary,* "immediate" means "[p]resent; at once; without delay; not deferred by any interval of time" *Black's Law Dictionary,* (5th ed.

1979). That source also indicates that the word "immediate," denotes that action is or must be taken either instantly or without any considerable loss of time. *Ibid.* In determining whether notification is "immediate" within the meaning of *N.J.S.A.* 26:2C-19(e) for purposes of imposing penalties, the Department considered the reasonableness of the response, citing its own opinion in *Mobil v. DEP*, 13 *N.J.A.R.* 791, 801 (1988). In *Mobil*, the Commissioner stated that the word "immediately" is intended to "require notification as soon as is reasonably possible under the circumstances." *Mobil, supra,* 13 *N.J.A.R.* at 801. The Commissioner recognized in *Mobil* that the meaning of "immediately" requires "a case-by-case determination as to whether notice was given as soon as reasonably possible under the circumstances." *Ibid.*

■ Here, the Acting Commissioner found that Occidental's failure to notify the Department of the release of the vinyl chloride monomer until twenty-eight minutes after it occurred was not reasonable under the circumstances. There is ample evidence in the record to support this finding and conclusion. It is undisputed that the release was contained by Occidental employees within five minutes. The failure to call the Department was not a result of a reasonable effort to secure the site. Additionally, it is undisputed that Occidental employees had access to phones at least twice during the twenty-eight minutes and did not take these opportunities to call the Department.

■ The Acting Commissioner also concluded that even assuming that it was "reasonable" to gather information for the Department's required incident notification form before notifying the Department, at the very least the call could have been placed some seven minutes earlier, that is, twenty-one minutes after the release occurred. Of the seven minutes, approximately three minutes were unaccounted for and four minutes were spent unnecessarily walking back to the administration building when there was a phone in a building adjacent to the release site. Thus, regardless of whether Occidental should or should not have gath-

ered the information for the required form, the Acting Commissioner properly found that the additional seven minute delay was not reasonable under the circumstances. Clearly, a seven minute delay as to the release of a highly toxic substance, such as vinyl chloride monomer, can mean the difference between life and death or serious harm to the environment or both in certain situations. Fortunately, neither human life nor the environment were jeopardized by the release of the highly toxic substance in this case.

Although we affirm the final administrative action of the Department finding that Occidental failed to immediately notify it of the release of the vinyl chloride monomer as required by *N.J.S.A.* 26:2C–19(e), we are constrained to vacate the $4,000 penalty assessed against Occidental and remand the matter to the Department for a redetermination of the penalty under *N.J.S.A.* 26:2C–19(b) and for a statement of reasons for the amount assessed. In light of the Administrative Law Judge's prior ruling, Occidental did not have an opportunity to address the issue of the assessment of the penalty before the Acting Commissioner. Occidental should be given such an opportunity upon remand.

Accordingly, except to vacate the $4,000 penalty imposed upon Occidental and remand the matter for a redetermination of the penalty, the final administrative action under review is affirmed. We do not retain jurisdiction.