176 N.J. Super. 132 (1980)
422 A.2d 449
PHILIP KASZERMAN, PLAINTIFF-APPELLANT,
v.
BERNICE MANSHEL, DIRECTOR, NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 15, 1980.
Decided October 23, 1980.
*133 Before Judges BOTTER, KING and McELROY.
Philip Kaszerman, appellant, filed a brief pro se.
*134 John J. Degnan, Attorney General of New Jersey, attorney for respondent (Erminie L. Conley, Assistant Attorney General, of counsel, and Karen Kurland Rem, Deputy Attorney General, on the brief).
PER CURIAM.
Plaintiff Philip Kaszerman filed a complaint for release of records of the Division of Youth and Family Services (DYFS) concerning himself and his son, compiled as a result of a child abuse referral naming plaintiff as a possible perpetrator. The Law Division judge held that child abuse records of DYFS were confidential under state statute, N.J.S.A. 9:6-8.10a, and federal regulation, 45 C.F.R. § 1340.3-3(d)(5), and dismissed the complaint. On this appeal plaintiff contends that he is legally entitled to the records under (1) state law regarding confidentiality, (2) the New Jersey Right to Know Law, (3) federal regulations concerning confidentiality of records, and (4) because of the legislative intent of the child abuse reporting laws.
The confidentiality of child abuse records is controlled by N.J.S.A. 9:6-8.10a. Plaintiff does not fall within any of the statutorily-enumerated exceptions to the confidentiality accorded such reports. Although N.J.S.A. 9:6-8.10a(b)(5) does authorize disclosure to a parent "who is responsible for the child's welfare," that disclosure is specifically limited to situations where the information is "needed in connection with the provision of care, treatment, or supervision to such child...." In the instant case, plaintiff's reasons for wanting to obtain copies of the records have nothing to do with the provision of care or supervision of his child; rather, plaintiff obviously seeks to obtain the records for the purpose of compiling documentation for potential lawsuits he wishes to bring.
N.J.S.A. 9:6-8.10a(b)(6) authorizes disclosure of child abuse records to a court "upon its finding that access to such records may be necessary for determination of an issue before the court...." The court may, in turn, release the records to the *135 appropriate person upon a finding that "such further disclosure is necessary for determination of an issue before the court." In the present case, there is no "issue before the court" for which access to the records is necessary. Plaintiff has not initiated the lawsuits to which he refers in his complaint, but merely wishes to gather documentation for potential lawsuits. Thus, subsection (6) does not provide authority for release of the desired records to plaintiff himself nor does it support his contention that the records should be disclosed to a court for determination of an issue before it.
Since the records are expressly confidential except for the circumstances delineated in the statute, plaintiff has no right of access under the Right to Know Law, N.J.S.A. 47:1A-1 et seq., which excludes from general public inspection records made confidential by State statute.
Under federal regulation, 45 C.F.R. § 1340.3-3(d)(5), release of child abuse records to a parent may be made only with protection of the identity of reporters. In any event, release of DYFS's records is controlled by the more severe limitations on access imposed by N.J.S.A. 9:6-8.10a.
Our review of the child abuse laws in Title 9 convinces us that the trial judge was correct in holding that release of the records to plaintiff would thwart the legislative purposes of encouraging child abuse reporting while protecting the identity of referral sources. In his efforts to obtain access to the records in question, plaintiff raises a number of other contentions including:
1. His right to obtain evidence.
2. The judge's order authorizing release of the records in another action is legal precedent for release of these records.
3. Informants are sufficiently protected against civil and criminal liability.
4. The informer's name can be stricken from the records.
5. The alleged common practice of DYFS to reveal the contents of records.
6. Plaintiff is entitled to equality before the law.
7. DYFS simultaneously maintains that their records are both secret and non-secret.
8. Thousands of DYFS records are made public.

*136 9. The complexity of the State's argument and lack of quotation from the law evidences the absence of a valid legal argument.
10. There are no case histories in the State's brief.
11. DYFS should be a social work agency, not a police agency.
12. Since DYFS and the Attorney General are a "police-prosecutor team" the subjects of DYFS records are entitled to copies of their records.
13. The State's brief is irrelevant.
14. The legal principles cited in the State's brief are not valid in New Jersey.
15. DYFS policy is sick and obscene.
We find these contentions to be clearly without merit. R. 2:11-3(e)(1)(E).
Affirmed.