185 N.J. Super. 447 (1982)
449 A.2d 547
STEPHEN DORE, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF THE TOWNSHIP OF BEDMINSTER, SOMERSET COUNTY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 1982.
Decided July 23, 1982.
*450 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Richard A. Friedman argued the cause for appellant (Ruhlman & Butryn, attorneys).
William B. Rosenberg argued the cause for respondent (Blumberg, Rosenberg, Mullen & Blumberg, attorneys).
Jaynee Lavecchia argued the cause for the State Board of Education (Irwin I. Kimmelman, Attorney General, attorney; James R. Zazzali, former Attorney General and Erminie L. Conley, former Assistant Attorney General, of counsel).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
This is an appeal from a decision of the State Board of Education dismissing an action filed by petitioner with the Commissioner of Education. In his petition of appeal petitioner, a nontenured teacher, challenged the propriety of the action of the Board of Education of the Township of Bedminister in choosing not to reemploy him as a teacher for a third contract year. Specifically, petitioner contends that since three evaluations of him were not conducted during the 1975-76 school year, it was improper and unlawful for the board not to re-employ *451 him. Petitioner also asserts that the board's action of not re-employing him was arbitrary and capricious and that he should be reinstated to his former position as a teaching staff member in the district. The board had voted not to renew the teaching contract of petitioner and, upon petitioner's request, informed him that his employment would not be continued:
... due to insufficient positive evidence of teaching effectiveness; particularly poor teaching methods as evidenced by poor grading procedures, lack of structured classroom and not providing student materials (textbooks, homework assignments), lack of continued assessment of student progress.
These criticisms were not contained in petitioner's formal evaluations. They were the reasons articulated by board members as the basis for their dissatisfaction with petitioner and were based on the personal observations of board members, knowledge acquired through having a child in petitioner's class or acquired from members of the public and parents of petitioner's pupils. Petitioner requested and received an informal appearance before the board to rebut the board's reasons for its determination. The board did not change its decision; this action ensued.
A plenary hearing was conducted before a representative of the Commissioner of Education. The hearing examiner's report ordered petitioner's reinstatement. The hearing examiner concluded that the reasons for nonre-employment provided to petitioner were "not at all related to the evaluations of his performance in the classroom." He found the true reason for petitioner's nonre-employment was petitioner's "perceived abrasiveness to the Board at public meetings."
The Commissioner adopted the remedy recommended but rejected the premise implied in the hearing examiner's report that "boards of education are bound to predicate renewal decisions affecting nontenured teaching staff members on evaluations conducted pursuant to N.J.S.A. 18A:27-3.1 and implementing regulations." The Commissioner ordered reinstatement nevertheless because the reasons for nonrenewal furnished petitioner were not supported by the evaluations and no other reasons were given to him to explain the board's decision. The Commissioner *452 also commented that the unarticulated reason for the decision of the board, that is, the attitude petitioner allegedly displayed toward the board at public meetings of the board, might be constitutionally vulnerable.
The State Board reversed the Commissioner's decision and dismissed petitioner's petition of appeal. Noting that there were some favorable reports regarding petitioner before the local board when it made its decision, namely the evaluations, the State Board determined that the local board had sufficient information to support both its decision not to re-employ petitioner and its statement of reasons for doing so. The State Board emphasized the considerable discretion afforded to local boards in employing teaching staff members. The State Board concluded that the local board's action was not so arbitrary and capricious as to warrant the extraordinary remedy of overriding the managerial prerogative of a local board and requiring it to employ a teacher it does not want on its staff.
The ultimate administrative decision-maker for controversies arising under the school laws is the State Board of Education. N.J.S.A. 18A:6-27. Quinlan v. North Bergen Tp. Bd. of Ed., 73 N.J. Super. 40, 51 (App.Div. 1962). Appeals may be taken to the State Board from any determination of the State Commissioner of Education. N.J.S.A. 18A:6-27, 28. In passing upon matters on appeal, the State Board is not restricted to review of issues of law. Winston v. South Plainfield Bd. of Ed., 125 N.J. Super. 131, 139-140 (App.Div. 1973), aff'd 64 N.J. 582 (1974); Quinlan v. North Bergen Tp. Bd. of Ed., supra, 73 N.J. Super. at 51. It is well recognized that the State Board may make its own independent findings of fact. Id.
Petitioner suggests that the proper scope of review for the State Board to apply when reviewing a determination of the Commissioner is the standard articulated for the Commissioner of Labor and Industry in Delesky v. Tasty Baking Co., 175 N.J. Super. 513 (App.Div. 1980). That standard requires the Commissioner of Labor and Industry to adopt the findings of a *453 judge of compensation if the judge's finding could reasonably have been reached based upon sufficient credible evidence in the record. 175 N.J. Super. at 517. The standard enunciated in Delesky was overruled in Lewicki v. N.J. Art Foundry, 88 N.J. 75, 82 (1981).
It is well settled that the appropriate standard of review to be applied by an appellate court reviewing the final decision of an administrative agency is for the court to examine the record to determine whether sufficient or substantial credible evidence exists therein to support the agency decision. Atkinson v. Parsekian, 37 N.J. 143, 149 (1962); In re Silberman License Suspension, 169 N.J. Super. 243, 255-256 (App.Div. 1979), aff'd 84 N.J. 303 (1980); In re Grossman Tenure Hearing, 127 N.J. Super. 13, 22-23 (App.Div. 1977). The agency determination is not to be vacated in the absence of a showing that the decision is arbitrary or capricious, that it lacks support in the record or that it violates legislative policies expressed or fairly to be implied in the statutory scheme administered by the agency. See Campbell v. Civil Service Dep't, 39 N.J. 556, 562 (1963). Furthermore, should there be substantial evidence in the record to support more than one result, it is the agency's choice which governs. See New Jersey Bell Tel. Co. v. State, 162 N.J. Super. 60, 77 (App.Div. 1978). Here it is the State Board's decision which deserves deference.
We conclude that the State Board correctly rejected the decision of the Commissioner. The decision of the Commissioner recognized a local board's right to base its decision not to re-employ on matters outside of a teacher's evaluations due to a board's virtually unlimited discretion in hiring or renewing nontenured teachers. Nevertheless, the decision unduly penalized the board herein because its statement of reasons was not supported by the evaluations. See Donaldson v. North Wildwood Bd. of Ed., 65 N.J. 236, 241 (1974); Winston v. South Plainfield Bd. of Ed., 125 N.J. Super. 131, 143 (App.Div. 1973), aff'd 64 N.J. 582 (1974). The State Board's decision properly *454 recognized the board's right to reach its conclusion about a nontenured teacher on a broad base of input received from a variety of people, including members of the public, parents of students and a board member's own knowledge of a teacher even if that knowledge is acquired through having a child in the teacher's class.
Petitioner also raised before the State Board an additional reason for his reinstatement not contained in the pleadings or pretrial order: that his nonrenewal was for constitutionally impermissible reasons. The argument stems from a comment of the Commissioner in his decision that the unarticulated reason for the board's decision, the attitude the petitioner allegedly displayed toward the board, may be constitutionally vulnerable. This comment went beyond the parameters of the pleadings and the pretrial order in this matter and should not be considered on this appeal.
Nor is any constitutional vulnerability suggested by the record. Examination of the testimony of the board members reveals that petitioner misunderstands the statements made by local board members at the hearing. While recognizing petitioner's right to comment during public meetings of the board, the expressed concern of the board members was the churlish manner or attitude displayed by one of the board's employees at a public meeting of the board. Specifically, petitioner was described by more than one board member as sarcastic, disruptive, snide and belligerent. A board may expect a member of its professional staff to maintain a deportment appropriate to a public meeting of a local government entity. See Pietrunti v. Brick Tp. Bd. of Ed., 128 N.J. Super. 149, 163-166 (App.Div. 1974), certif. den. 65 N.J. 573 (1974), cert. den. 419 U.S. 1057, 95 S.Ct. 640, 42 L.Ed.2d 654 (1974). Upon the employee's failure to do so, a board may properly consider such behavior in reaching a conclusion as to the continued employment of such person. We are satisfied that even if this constituted the sole reason for the local board's decision not to renew *455 petitioner's contract, it does not rise to the statute of a violation of First Amendment privileges as suggested by petitioner.
Petitioner also argues that the fact that the local board failed to evaluate him in accordance with the dictates of N.J.S.A. 18A:27-3.1 and N.J.A.C. 6:3-1.19, the implementing regulation, requires that he be reinstated. We do not regard the lack of strict compliance with N.J.S.A. 18A:27-3.1 to be a sufficient reason to afford petitioner either reinstatement or financial reward. The provisions of that statute, and of N.J.S.A. 18A:27-3.2, a related statute, read:
18A:27-3.1.
Every board of education in this State shall cause each nontenure teaching staff member employed by it to be observed and evaluated in the performance of her or his duties at least three times during each school year but not less than once during each semester. Said evaluations are to take place before April 30 each year. The evaluations may cover that period between April 30 of one year and April 30 of the succeeding year excepting in the case of the first year of employment where the three evaluations must have been completed prior to April 30. The number of required observations and evaluations may be reduced proportionately when an individual teaching staff member's term of service is less than one academic year. Each evaluation shall be followed by a conference between that teaching staff member and his or her superior or superiors. The purpose of this procedure is to recommend as to reemployment, identify any deficiencies, extend assistance for their correction and improve professional competence.
18A:27-3.2.
Any teaching staff member receiving notice that a teaching contract for the succeeding school year will not be offered may, within 15 days thereafter, request in writing a statement of the reasons for such nonemployment which shall be given to the teaching staff member in writing within 30 days after the receipt of such request.
These sections were added to the education law of our State by the Legislature following the decision of our Supreme Court in Donaldson v. North Wildwood Bd. of Ed., 65 N.J. 236 (1974).
In Donaldson Justice Jacobs, speaking for the majority of the court, said the following:
It appears evident to us that on balance the arguments supporting the teacher's request for a statement of reasons overwhelm any arguments to the contrary. The teacher is a professional who has spent years in the course of attaining the necessary education and training. When he is engaged as a teacher he is fully aware that he is serving a probationary period and may or *456 may not ultimately attain tenure. If he is not reengaged and tenure is thus precluded he is surely interested in knowing why and every human consideration along with all thoughts of elemental fairness and justice suggest that, when he asks, he be told why. Perhaps the statement of reasons will disclose correctible deficiencies and be of service in guiding his future conduct; perhaps it will disclose that the non-retention was due to factors unrelated to his professional or classroom performance and its availability may aid him in obtaining future teaching employment; perhaps it will serve other purposes fairly helpful to him as suggested in Drown [Drown v. Portsmouth School District] (435 F.2d at [1182] 1184-1185); and perhaps the very requirement that reasons be stated would, as suggested in Monks (58 N.J. [238] at 249), serve as a significant discipline on the board itself against arbitrary or abusive exercise of its broad discretionary powers.[1]
Implicit in this language is the recognition by the court that absent constitutional constraints or legislation affecting the tenure rights of teachers, local boards of education have an almost complete right to terminate the services of a teacher who has no tenure and is regarded as undesirable by the local board. The statutes quoted above neither add to nor detract from the tenure rights of teachers in this State. The first section sets forth a procedure to be followed for evaluating teachers but does not provide for any penalty in the event a local board fails to follow the proscribed procedures. The second statute clearly adopts the final line of Donaldson and "urges" local boards of education to give reasons to employees who are being terminated  obstensibly for the reasons set forth by Justice Jacobs in Donaldson. Compare Wyckoff Tp. Bd. of Ed. v. Wyckoff Ed. Ass'n., 168 N.J. Super. 497 (App.Div. 1979), certif. den. 81 N.J. 349 (1979).
Since there is no power to impose a penalty for noncompliance with the two statutes in question, power to reinstate or penalize cannot be arrogated by the Commissioner to himself. He functions under those powers granted to him by the Legislature and such other powers as may be necessarily implied in the grant. We agree completely with the determination of the State Board *457 in this case. We hope that the Commissioner's office in the future will cease imposing fines or ordering reinstatements under these statutes without further legislative amendment thereto.
Affirmed.
NOTES
[1] Drown v. Portsmouth School Dist., 435 F.2d 1182 (1 Cir.1970), cert. den. 402 U.S. 972, 91 S.Ct. 1659, 29 L.Ed.2d 137 (1971); Monks v. N.J. State Parole Board, 58 N.J. 238 (1971).