209 N.J. Super. 115 (1986)
506 A.2d 1289
PENNS GROVE-CARNEYS POINT EDUCATION ASSOCIATION, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF PENNS GROVE-CARNEYS POINT REGIONAL SCHOOL DISTRICT, SALEM COUNTY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1986.
Decided March 24, 1986.
*116 Before Judges FURMAN, COHEN and ASHBEY.
Joel S. Selikoff argued the cause for appellant (Selikoff & Cohen, attorneys, Barbara E. Riefberg on the brief).
John D. Jordan argued the cause for respondent, Board of Education of Penns Grove-Carneys Point Regional School District, (Jordan & Jordan, attorneys).
David Earle Powers argued the cause for respondent, New Jersey State Board of Education, (W. Cary Edwards, Attorney General of New Jersey, attorney, James J. Ciancia, Assistant Attorney General, of counsel, David Earle Powers on the brief).
The opinion of the court was delivered by ASHBEY, J.S.C. (temporarily assigned).
This is an appeal from the final decision of the State Board of Education (State Board) affirming the decision of the Commissioner of Education (Commissioner) which adopted the findings of the Administrative Law Judge (ALJ). The State Board ruled against petitioner. Petitioner appeals and we affirm.
*117 Petitioner is the Penns Grove-Carneys Point Education Association.[1] Respondent is the local board of education. Petitioner initiated this proceeding by appealing certain of respondent's decisions to the Commissioner. Respondent did not file an answer and petitioner filed a motion for default. In response to the motion the commissioner transmitted the matter to the Office of Administrative Law as a contested case.
The initial proceeding involved several issues, all but one of which have been settled. The sole question remaining is validity of the determination of the State Board that respondent had the managerial prerogative to select and assign band directors to duties on Saturdays and Sundays. The parties are agreed that the answer to this question depends upon whether, for purposes of the applicability of N.J.S.A. 18A:25-3, Saturdays and Sundays are public holidays.[2]
Prior to the 1982-1983 school year the positions of band director and assistant band director in respondent's schools were filled by volunteers.[3] Beginning with the 1982-1983 school year respondent assigned staff to these positions and directed them to perform their duties on weekends. The ALJ found that the purpose of this assignment was to instruct students in connection with the band's performance, primarily at school sports events.
Petitioner, relying upon N.J.S.A. 18A:25-3, which states "[n]o teaching staff member shall be required to perform his duties on any day declared by law to be a public holiday....", argued *118 that the band director could not be so assigned because Saturdays and Sundays were public holidays. The Commissioner decided otherwise, relying upon the language of N.J.S.A. 36:1-1, and N.J.S.A. 36:1-1.1.
N.J.S.A. 36:1-1 is the general statute enumerating public holidays. It first sets forth individual days, Labor Day, etc. to "be treated and considered as the first day of the week, commonly called Sunday, and as public holidays." The statute further says "every Saturday shall, until 12 o'clock noon, be deemed a secular or business day, except ... Saturdays shall be considered as the first day of the week, commonly called Sunday, and public holidays, for all purposes whatsoever as regards the transaction of business in the public offices of this State, or counties of this State...." N.J.S.A. 36:1-1.1 provides as follows:
Each Saturday in each year shall, for all purposes whatsoever as regards the transaction of business in the public offices of this State, and the counties and municipalities in this State, be considered as the first day of the week, commonly called Sunday, and as public holidays.
The Commissioner's reasoning in relying upon these statutes to support his conclusion is not fully articulated. The State Board affirmed on the basis of that reasoning. We are duty bound nonetheless to affirm its determination unless its decision was arbitrary or violates legislative policies expressed or implied in the statutory scheme administered by the agency. Dore v. Bedminster Tp. Bd. of Ed., 185 N.J. Super. 447, 453 (App.Div. 1979).
As in all similar educational decisions the State Board's action must be examined in the light of the legislative purpose of both the education law and the public employment law. The New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et seq., placed the "terms and conditions" of teaching as public employment subject to collective bargaining. The Supreme Court has ruled that in so doing the Legislature did not mean that school boards were to give up their management *119 responsibility. Dunellen Bd. of Ed. v. Dunellen Ed. Ass'n, 64 N.J. 17, 24 (1973).
The local school board's authority to select and determine the hours and duties of band directors has been decided by our courts to be a managerial prerogative. Where "an educational policy decision has been made by the board to offer its students an instrumental music program which enabled them to participate in extracurricular musical activities after school and on weekends", the board of education has the right to provide one position, including the extracurricular work connected with it. That right includes the prerogative to assign the "teaching staff member best suited for the job." Ramapo-Indian Hills Ed. Ass'n v. Ramapo-Indian Hills Bd. of Ed., 176 N.J. Super. 35, 42-46 (App.Div. 1980). We are satisfied the Ramapo case is dispositive of the case at bar. While the Ramapo court directed that any attack on a specific exercise of discretion in assigning hours and duties be made to the Commissioner of Education for a determination as to whether the board's action was arbitrary, (Id. at 47) no such instance is demonstrated in this record.
We are further satisfied that the State Board's interpretation of N.J.S.A. 36:1-1 et seq. accorded with the plain meaning of that statute. N.J.S.A. 36:1-1 and N.J.S.A. 36:1-1.1 are legislation dealing with commercial transactions and public business. The wording of both sections preserves the distinction between Saturday, Sunday and public holidays. Both Saturday and Sunday are not "public holidays" but are to be considered "as public holidays". Ibid. [Emphasis supplied].
Clearly, if Saturday and Sunday were included in the definition of "public holiday" that language in the statute would be superfluous. This is not to be presumed. County of Monmouth v. Wissell, 68 N.J. 35 (1975).
Affirmed.
NOTES
[1] Petitioner is "the statutory majority representative of a negotiating unit including inter alia, all classroom teachers and department heads employed by respondent.
[2] It is important to note that no issue of the effect of these days being days of religious observance was raised by the parties or is considered in this opinion.
[3] "volunteer" in this context means someone who seeks the assignment. All extracurricular positions referred to were paid, whether "volunteer" or as assigned.