236 N.J. Super. 478 (1989)
566 A.2d 229
IN THE MATTER OF THE TENURE HEARING OF LYNN JENISCH TYLER, SCHOOL DISTRICT OF SUSSEX-WANTAGE REGIONAL, SUSSEX COUNTY.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1989.
Decided November 6, 1989.
*481 Before Judges MICHELS and DEIGHAN.
R. Webb Leonard argued the cause for appellant Regional School District of Sussex-Wantage, Sussex County (Busche, Clark & Leonard, attorneys; R. Webb Leonard, of counsel and on the brief).
Sheldon H. Pincus argued the cause for respondent Lynn Jenisch Tyler (Bucceri & Pincus, attorneys; Sheldon H. Pincus, of counsel; Mary J. Hammer, on the brief).
Peter N. Perretti, Jr., Attorney General of New Jersey, submitted a statement in lieu of brief on behalf of respondent New Jersey State Board of Education (Nancy Kaplen Miller, Deputy Attorney General, on the statement).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Appellant Regional School District of Sussex-Wantage, Sussex County (Regional School District), appeals from a final administrative determination of the State Board of Education (State Board) that reversed a decision of the Commissioner of Education (Commissioner) and held that the appropriate penalty to be imposed upon respondent Lynn Jenisch Tyler (Tyler) for conduct unbecoming a teacher was the forfeiture of six months' *482 salary and the loss of salary increments for the 1987-88 and 1988-89 school years.
Briefly, in 1986, the Superintendent of Schools of the Regional School District charged respondent Tyler, a tenured teacher, with 14 instances of conduct unbecoming a teacher. These charges were certified by the Board of Education of the Regional School District to the Commissioner and Tyler was suspended without pay pending disposition of the charges. Thereafter, the matter was sent to the Office of Administrative Law as a contested case.
The matter came before an Administrative Law Judge, who heard testimony from seven students who allegedly witnessed or were subjected to Tyler's improper conduct, three parents, the school principal, Tyler and an investigator from the Division of Youth and Family Services (DYFS). The DYFS investigator had conducted two investigations regarding Tyler. The first investigation, which occurred in 1984, involved an interview with Tyler. The second investigation, which occurred in 1986, included interviews with several of Tyler's students but did not include an interview with Tyler. On Tyler's motion, and over objection of the Regional School District, the DYFS investigator was permitted to testify regarding only his 1984 interview with Tyler. The Administrative Law Judge reasoned that since he was going to hear testimony from the students that the DYFS investigator had interviewed, the investigator's testimony would be hearsay that would "overburden the record." At the conclusion of the hearing, the Administrative Law Judge found that three of the 14 charges were true, one of which was dismissed for its de minimis nature, and recommended that Tyler forfeit 120 days' salary and be held at the same salary increment for two years.
After the Regional School District filed exceptions to the Administrative Law Judge's initial decision, the Commissioner remanded the matter to the Administrative Law Judge. The remand directed the Administrative Law Judge to hear the *483 DYFS investigator's testimony concerning his 1986 interviews with the students to determine "whether the hearsay testimony of the DYFS investigator with regard to the earlier statements made to him by the students would be of assistance in the assessment of the credibility and reliability of their direct testimony adduced approximately one year later at the tenure hearing." The Administrative Law Judge heard the testimony of the DYFS investigator and, after reviewing the entire file, concluded that his initial findings and conclusions were valid and that the recommended penalty was appropriate. The Regional School District once again filed exceptions to this decision.
Thereafter, the Commissioner adopted the findings and determination of the Administrative Law Judge, except that he found that the Regional School District had met its burden of proof with respect to one additional charge. On this basis, the Commissioner determined that Tyler should be dismissed from her tenured teaching position. Tyler appealed.
On appeal, the State Board reversed the Commissioner's decision "since it relied on reports and information expressly prohibited from disclosure." The State Board reasoned that the DYFS investigator's testimony regarding his interviews with the students violated N.J.S.A. 9:6-8.10a, which mandates the confidentiality of such DYFS information in most circumstances. The State Board then conducted an independent review of the record with respect to the one additional charge and found that the Regional School District had not met its burden of proof on that charge. On the charges that the Administrative Law Judge had found to be proven, however, the State Board determined that Tyler should forfeit six months' salary and be held at the same salary level for two years. The Regional School District appealed, contending generally that the State Board "wrongly excluded" the DYFS investigator's testimony and that there was adequate evidence in the record to sustain the Commissioner's decision and the penalty that he imposed.
*484 We have studied the entire record in light of the arguments presented and are satisfied that the determination of the State Board is not arbitrary, capricious or unreasonable and does not lack full support in the evidence. See Henry v. Rahway State Prison, 81 N.J. 571, 579-580 (1980); Campbell v. Department of Civil Service, 39 N.J. 556, 562 (1963); Dore v. Bedminster Tp. Bd. of Ed., 185 N.J. Super. 447, 453 (App. Div. 1982). See also R. 2:11-3(e)(1)(D). Furthermore, we find that all of the issues of law raised are clearly without merit. R. 2:11-3(e)(1)(E).
Accordingly, we affirm the final administrative determination of the State Board substantially for the reasons expressed in its written decision of November 1, 1988.

I.
Additionally, we emphasize that our role in reviewing the State Board's findings is to determine
whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility ... and... with due regard also to the agency's expertise where such expertise is a pertinent factor.
Mayflower Securities v. Bureau of Securities, 64 N.J. 85, 92-93 (1973). See also In re Suspension of Heller, 73 N.J. 292, 309 (1977); Jackson v. Concord Co., 54 N.J. 113, 117-118 (1969); Dore v. Bedminster Tp. Bd. of Ed., supra, 185 N.J. Super. at 453. We are satisfied that such evidence appears in the record.
It is not our function to substitute our independent judgment for that of an administrative body, such as the State Board, "where there may exist a mere difference of opinion concerning the evidential persuasiveness of [the] relevant [proofs]." First Sav. & Loan Ass'n. of E. Paterson v. Howell, 87 N.J. Super. 318, 321-322 (App.Div. 1965), certif. den., 49 N.J. 368 (1967). See also Dore v. Bedminster Tp. Bd. of Ed., supra, 185 N.J. Super. at 453. New Jersey Bell Tel. Co. *485 v. State, 162 N.J. Super. 60, 77 (App.Div. 1978). As a reviewing court, we will not "weigh the evidence, ... determine the credibility of witnesses, ... draw inferences and conclusions from the evidence [or] ... resolve conflicts therein." In re Tenure Hearing of Grossman, 127 N.J. Super. 13, 23 (App.Div. 1974), certif. den., 65 N.J. 292 (1974).
Moreover, the ultimate administrative decision maker in school matters is the State Board. Dore v. Bedminster Tp. Bd. of Ed., supra, 185 N.J. Super. at 452. See also Quinlan v. Board of Ed. of North Bergen Tp., 73 N.J. Super. 40, 51 (App.Div. 1962). Indeed, any party aggrieved by any determination of the Commissioner may appeal as of right to the State Board. N.J.S.A. 18A:6-27. As the final administrative arbiter of school law matters, the State Board is not limited to reviewing issues of law. Dore v. Bedminster Tp. Bd. of Ed., supra, 185 N.J. Super. at 452; Winston v. Board of Ed. So. Plainfield, 125 N.J. Super. 131, 139-140 (App.Div. 1973), aff'd, 64 N.J. 582 (1974). Rather, the State Board may review the factual determinations of the Commissioner to determine whether his decision was based on a preponderance of the credible evidence. See In re Polk License Revocation, 90 N.J. 550, 560 (1982); Atkinson v. Parsekian, 37 N.J. 143, 149 (1962). The State Board may make its own independent findings of fact. It must, however, give due consideration to the opportunity of the factfinder to observe the parties and their witnesses. Quinlan v. Board of Ed. of North Bergen Tp., supra, 73 N.J. Super. at 50-51.
The State Board's primary responsibility in its role as final arbiter in school law controversies is to assure that its decision is supported by a preponderance of the credible evidence and is consistent with public policy and the pertinent principles of law. We are satisfied that the State Board fulfilled that obligation in this case.

*486 II.
We are also satisfied that the State Board did not err in excluding the testimony of the DYFS investigator. The Regional School Board contends that the testimony was admissible pursuant to N.J.S.A. 9:6-8.10a. Alternatively, the Regional School District contends that the DYFS investigator's testimony was clearly admissible under the doctrine of past recollection recorded.
The statute governing disclosure of the DYFS records is N.J.S.A. 9:6-8.10a, which provides in pertinent part:
a. All records of child abuse reports made pursuant to section 3 of P.L. 1971, c. 437 (C. 9:6-8.10), all information obtained by the Division of Youth and Family Services in investigating such reports including reports received pursuant to section 20 of P.L. 1974, c. 119 (C. 9:6-8.40), and all reports of findings forwarded to the central registry pursuant to section 4 of P.L. 1971, c. 437 (C. 9:6-8.11) shall be kept confidential and may be disclosed only under the circumstances expressly authorized under subsection b. herein.
b. The division may release the records and reports referred to in subsection a., or parts thereof, to:
* * * * * * * *
(5) An agency authorized to care for, treat, or supervise a child who is the subject of a child abuse report, or a parent, guardian or other person who is responsible for the child's welfare, or both, when the information is needed in connection with the provision of care, treatment, or supervision to such child or such parent, guardian or other person;

(6) A court, upon its finding that access to such records may be necessary for determination of an issue before the court, and such records may be disclosed by the court in whole or in part to the law guardian, attorney or other appropriate person upon a finding that such further disclosure is necessary for determination of an issue before the court.... [Emphasis added.]
This statute plainly declares that all information and reports obtained by the DYFS investigator are to be kept confidential and disclosed only under the expressly authorized circumstances. Under subsection (6), a court, upon finding that access to such reports may be necessary for determination of an issue before it, may order the disclosure of the DYFS investigator's report and information. However, neither the Office of Administrative Law nor the State Board are courts. They are administrative agencies and their adjudicative functions *487 "are actually an aspect of their regulatory powers and, in essence, do not embrace or constitute an exercise of judicial authority." In re Uniform Adm'v Procedure Rules, 90 N.J. 85, 93 (1982) (quoting City of Hackensack v. Winner, 82 N.J. 1, 29 (1980)). Therefore, neither the Office of Administrative Law and its Administrative Law Judges, nor the State Board and its Commissioner have the authority under N.J.S.A. 9:6-8.10a(b)(6) to order the disclosure of the records or information obtained by DYFS in its investigation of the alleged incidents of child abuse in this matter.
Furthermore, the DYFS investigator's testimony was not admissible under subsection (5). In Kaszerman v. Manshel, 176 N.J. Super. 132 (App.Div. 1980), we held that a father was not entitled under N.J.S.A. 9:6-8.10a(b)(5) to the release of DYFS records that had been compiled as a result of an investigation of his alleged child abuse of his son. We explained:
Although N.J.S.A. 9:6-8.10a(b)(5) does authorize disclosure to a parent "who is responsible for the child's welfare," that disclosure is specifically limited to situations where the information is "needed in connection with the provision of care, treatment, or supervision to such child...." In the instant case, plaintiff's reasons for wanting to obtain copies of the records have nothing to do with the provision of care or supervision of his child; rather, plaintiff obviously seeks to obtain the records for the purpose of compiling documentation for potential lawsuits he wishes to bring. [176 N.J. Super. at 134 (Emphasis added).]
Here, the information sought from the DYFS investigator was intended to substantiate charges at Tyler's tenure hearing. It had not been sought, as required by statute, "in connection with the provision of care, treatment, or supervision" of the students. Thus, the DYFS investigator's testimony was not admissible under N.J.S.A. 9:6-8.10a(b)(5).
Finally, the Regional School District's argument with respect to the doctrine of past recollection recorded is clearly without merit. Initially, the provision mandating confidentiality of DYFS reports refers not only to reports, but also to all information obtained by DYFS regarding its investigation of alleged incidents of child abuse. N.J.S.A. 9:6-8.10a. Consequently, *488 whether the DYFS information was sought by way of the investigator's report or by his testimony, the information was confidential and properly excluded by the State Board.
Affirmed.