752 A.2d 841

CITY OF PASSAIC, PLAINTIFF–RESPONDENT, v. NEW JERSEY
DIVISION OF STATE POLICE, DEFENDANT–RESPONDENT,
AND FREDERICK MARC PARISI, DEFENDANT/INTERVE-
NOR–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 18, 2000—Decided June 19, 2000.

Before Judges SKILLMAN, NEWMAN and FALL.

*John J. Segreto*, argued the cause for intervenor-appellant (*Segreto & Segreto*, attorneys; *John J. Segreto*, of counsel and on the brief).

*Sean D. Dias*, argued the cause for respondent City of Passaic (Scarinci & Hollenbeck, attorneys; Mr. Dias, of counsel and on the brief).

*Larry R. Etzweiler*, Senior Deputy Attorney General, argued the cause for respondent, New Jersey Division of State Police (*John J. Farmer, Jr.*, Attorney General, attorney; *Mary C. Jacobson*, Assistant Attorney General, of counsel; *Mr. Etzweiler*, on the brief).

The opinion of the Court was delivered by

NEWMAN, J.A.D.

This appeal involves the interpretation of the last paragraph of *N.J.S.A.* 45:19–12, which provides:

The superintendent [of the New Jersey Division of State Police] and all members of the State Police shall hold as confidential all information obtained as a result of any investigation of any applicant [for a private detective] . . . license issued under the provisions of this act, and the same shall not be divulged except by an order so to do by a court of record of this State.

We hold that the statute requires, by its express terms, a court order to divulge information obtained as a result of an investigation of an applicant for a private detective license. We find no basis in the language employed by the Legislature to carve out an exception for the disclosure of information to other law enforcement agencies for law enforcement purposes. We further conclude that there existed good cause for the release of the license application to the plaintiff, City of Passaic, in connection with the administrative hearing in which the applicant, appellant Frederick Marc Parisi, contested his termination from the Passaic Police Department. Furthermore, we hold that an Administrative Law Judge lacked the authority to order such disclosure because such judge did not sit in a "court of record of this State."

The relevant facts may be summarized as follows. On or about April 11, 1994, appellant submitted an employment application for the position of police officer with the City of Passaic (Passaic). Appellant was successful and was appointed to the position of police officer.

In early 1997, another police department contacted the Passaic Police Department, indicating that "there's something wrong with [Parisi's] military records." The Internal Affairs Unit of the police department conducted "a full blown investigation," uncover-

ing information that appellant had lied in his 1994 job application about his residency, military service history, and medical history.

On April 9, 1997, Passaic terminated appellant's employment. Appellant appealed the termination to the Department of Personnel, which referred the matter to the Office of Administrative Law.

In March 1998, prior to the first hearing date before an Administrative Law Judge, appellant filed a twelve-page application for a private detective license with the New Jersey Division of State Police. Appellant's application was referred to Trooper (now Detective) James Bryant of the Private Detective Unit, Division of State Police. Trooper Bryant contacted the Passaic Police Department and spoke with its Internal Affairs Unit to confirm the information which appellant furnished in his private detective license application.

Trooper Bryant's inquiry prompted Detective Anthony Haluska of Passaic's Internal Affairs Unit to ask Trooper Bryant for information about Parisi's private detective license application. Trooper Bryant provided Detective Haluska with a photocopy of Parisi's application for a private detective license which contained written notes disclosing aspects of his investigation. Trooper Bryant did not give Detective Haluska a copy of his five-page summary report of his investigation of appellant's application.

The Division of State Police denied appellant's application for a private detective license. Appellant did not appeal this denial.

During the first day of hearing on August 10, 1998, before Administrative Law Judge Lucchi–McCloud (ALJ), Passaic's attorney gave appellant's attorney a copy of the private detective license application that Trooper Bryant had provided to Detective Haluska. Appellant's attorney noted that the front page of this application was marked, "Confidential File." The attorney stated that he would do further research and that, at a later date, he might move to hold the application inadmissible because of its confidentiality.

Thereafter, but prior to October 5, 1998, Passaic's attorney came to the preliminary conclusion that Passaic's copy of Parisi's private detective license application with Trooper Bryant's notes written upon it could not be admitted into evidence absent a court order. On October 5, 1998, the date of the second day of proceedings before the ALJ, Passaic's attorney requested that the ALJ issue the necessary court order. Appellant's attorney argued that the ALJ had no authority to issue a court order under the provisions of *N.J.S.A.* 45:19–12.

On October 7, 1998, appellant's attorney wrote to the Superintendent of the State Police complaining about the Private Detective Unit's "improper" conduct in having given Passaic a copy of appellant's private detective license application with Trooper Bryant's notations and, in having done so, breaching the confidentiality provisions of *N.J.S.A.* 45:19–12. Appellant's attorney expressed the "hope that the Division of State Police, through the Attorney General, will vigorously oppose the application[ ]" by Passaic's Police Department to obtain admissibility of appellant's private detective license application in the hearing before the ALJ.

Passaic's attorney contacted the Private Detective Unit and then the Department of Law and Public Safety about this matter. The State Police Unit of the Division of Law contacted the Private Detective Unit of the Division of State Police and learned that "the Private Detective Unit has never construed *N.J.S.A.* 45:19–12 [to bar] it from sharing applicant-investigatory information with other law[ ]enforcement agencies that seek the information for law[ ]enforcement purposes."

Thereafter, the State Police Unit of the Division of Law orally advised the Private Detective Unit of the Division of State Police that, at least pending further review, the Private Detective Unit should cease its practice of sharing private detective applications and investigatory information with other law enforcement agencies. The State Police Unit advised the attorneys for appellant and for Passaic of this advice to the Private Detective Unit and

also advised the attorneys that the Division of State Police agreed with appellant's attorney that the Office of Administrative Law is not empowered to issue a release order under *N.J.S.A.* 45:19–12 and that the request for any order under the terms of this statute would have to be brought to a Superior Court judge.

On or about February 5, 1999, Passaic instituted the instant action in the Law Division. Passaic made it clear that it was seeking appellant's application for a private detective license and the notes written on the application by Trooper Bryant, obtained during the course of his investigation. Passaic also sought Trooper Bryant's testimony that some of those notes are true and accurate and that appellant made admissions to Trooper Bryant that are reflected in those notes. Passaic considered these documents and the Trooper's testimony to be evidence supporting its contention that appellant had lied in his 1994 job application.

Passaic did not seek the vouchers (character references who "vouched" for the applicant) submitted to the Private Detective Unit on appellant's behalf. While Passaic did not ask for Trooper Bryant's five-page summary report of his investigation of appellant's application, the Division of State Police did not object to supplying that report if Passaic later decided to seek it.

Passaic was not asking the court to usurp the ALJ's role and obligation to determine the relevance and admissibility in the administrative action of the testimony and documents that Passaic was seeking from the Division of State Police. Rather, Passaic was merely requesting a court order allowing the materials and testimony to be divulged if the ALJ ruled them relevant and admissible.

At the conclusion of the Law Division proceedings on March 3, 1999, the Law Division judge asked the parties to brief three additional issues:

(1) is it a violation of [*N.J.S.A.* 45:19–12] for the Division of State Police to act without a court order in divulging information obtained as a result of a[ private detective license] investigation to another New Jersey law-enforcement agency; (2) if the answer to the first question is "yes," then what is the effect of a violation, particularly upon an applicant seeking a court order after a violation has already

occurred; and (3) in accordance with this statute, may an administrative-law judge issue an order divulging information obtained as a result of a[sic] investigation?

On April 16, 1999, the judge signed and entered an order and final judgment which declared:

[ (1) ]  No court order is necessary for the Division to divulge to another law-enforcement agency for law-enforcement purposes the results of an investigation of an application for a private detective license;   .  [ (2) T]he

purpose for which Plaintiff City was and is seeking these materials is a law-enforcement purpose;  . . .

[ (3) ]  The last paragraph of *N.J.S.A.* 45:19–2, requiring a court order in certain circumstances before the Division of State Police may divulge the results of its investigation of an application for private detective license, is construed as not applying to the Division's disclosures to other law-enforcement agencies for law-enforcement purposes; and no court order is required under this paragraph for disclosures to law-enforcement agencies for law-enforcement purposes;

[ (4) ]  Plaintiff City's verified complaint is dismissed, the Court being persuaded that defendant Division will comply with the City's request for documents and related testimony now that the Court has overruled intervenor-defendant Parisi's objections to the Division's compliance;

[ (5) ]  Nothing in this Order shall be construed to affect the admissibility of evidence at the hearing pending in *City of Passaic v. Parisi*, OAL Docket No. CSVLT 09306–97N; the determination of relevance, the application of privileges, and similar evidential issues related to the admissibility of evidence being reserved to the Honorable Marylouise Lucchi McCloud, A.L.J., or such other administrative law judge as may be assigned to preside over the hearing[.]

On appeal, appellant contends that the plain language of *N.J.S.A.* 45:19–12 unequivocally provides that the State Police "shall hold as confidential all information obtained as a result of any investigation of any applicant . . . ." and that information "shall not be divulged except by an order so to do by a court of record of this State." Appellant asserts that if there was to be an exception from the requirement of a court order for disclosure, the Legislature had to provide for the exception. The State Police, it is argued, could not engraft an exception on its own.

When construing a statute, "we must effectuate the Legislature's intent as expressed by the clear language of the statute." *State v. N.W.*, 329 *N.J.Super.* 326, 331, 747 *A.*2d 819 (App.Div.2000) (citing *Turner v. First Union Nat'l Bank*, 162 *N.J.* 75, 84, 740 *A.*2d 1081 (1999)). "[I]n the absence of an explicit indication of special meaning, words will be given their ordinary

and well-understood meaning." *Service Armament Co. v. Hyland,* 70 *N.J.* 550, 556, 362 *A.*2d 13 (1976). "When a statute is clear on its face, a court need not look beyond the statutory terms to determine the legislative intent." *State v. Churchdale Leasing, Inc.,* 115 *N.J.* 83, 101, 557 *A.*2d 277 (1989). In determining legislative intent, however, this court may look to more than the language of a statute and may examine the policy behind the statute, and legislative history, if any, and concepts of reasonableness. *State v. Ferencsik,* 326 *N.J.Super.* 228, 231, 741 *A.*2d 101 (App.Div.1999).

The language of this statutory provision is clear, unambiguous, and unequivocal; namely, that the State Police are to hold as confidential all information resulting from their investigation of an applicant for a private detective license. The only circumstance under which this information can be disclosed is by order of a court of record of this State. The confidentiality accorded by this statute protects those individuals who may provide information to the State Police during an investigation of an applicant. The assurance that the information will not be disseminated should encourage candid and trustworthy responses that might not otherwise be volunteered if the information could be made public at will. Further, and more significantly, the subject of the investigation is assured that the various facets of his or her life remain confidential and are not available to anyone else absent a court order which, prior to issuance, would afford the applicant notice and the opportunity to be heard regarding whether the confidential information should be released.[1]

---

1. However nothing in this opinion should be construed to mean that the issuing court lacks discretion, in appropriate circumstances, to issue an *ex parte* disclosure order, without notice to the applicant for a private detective license or to any other interested person, particularly when giving notice to the applicant or other interested persons might apprise the applicant or some other person that he or she is about to become the subject of a criminal investigation.

■ The State Police contend that the disclosure does not require a court order for one member of the Private Detective Unit to divulge information to another member of the State Police. The statute does not prohibit such intra-unit communications because its requirement to hold confidential all information obtained as a result of the investigation applies to all members of the State Police. The same would be true with respect to disclosure to the Attorney General, as head of the Department of Law and Public Safety, and to Deputy Attorneys General who provide legal advice and prosecute matters on behalf of the State Police.

Moreover, there may be a need during the investigation of an applicant for the State Police investigator to furnish a limited disclosure of the purpose for the inquiry. To the extent that is necessary, it would not run afoul of the statute because it is being done to gather the necessary information as part of the investigation so that an intelligent and responsible decision can be made on the application itself.

What the statute does prohibit is a sharing of information outside of the State Police, as was done here, because the inquiry made to Passaic prompted a request by Passaic's Internal Affairs Unit for information obtained during the investigation of the applicant.

The State also contends that deference should be afforded the agency's interpretation of a statute governing the agency's duties and functions, particularly where a contemporaneous and practical interpretation has stood unchallenged for a considerable length of time. We have no disagreement with this proposition of law. However, that deference is only appropriate where there is leeway within the statutory language for the agency to import a contemporaneous and practical construction. There is no room to do so in this statute in its present configuration. The interpretative bent which the State attempts to give to this provision has no basis in the statutory language.

The State also contends that the definition of "confidential" is subject to various meanings including "known only to a limited few," citing *Webster's Third New International Dictionary Unabridged* 476 (1986). The statute is consistent with this definition in that it limits the information developed as a result of the investigation to be held confidential to a "limited few," namely the "Superintendent and all members of the State Police." Again, there are no exceptions. Confidential is also defined as "[e]ntrusted with the confidence of another or with his secret affairs or purposes; intended to be held in confidence or kept secret; done in confidence." *Black's Law Dictionary* 269 (5th ed.1979). Here, this definition of confidential is also consistent with the statutory use of the word. The State Police are entrusted with the information they obtain, and they keep that information in secret until a court orders its release.

The legislative history of the statute does not support the State's position that a law enforcement exception may be engrafted on the statutory language. The provision for confidentiality was in virtually identical language to that currently used when it was first inserted into the law in 1939. The statute then read:

> The superintendent and all members of the State Police shall hold as confidential all information obtained as the result of any investigation of any applicant, and the same shall not be divulged except by an order so to do by a court of record of this State.

> [*L.* 1939, *c.* 369, § 5.]

In the amendments of 1948, the amendment to this particular section expanded the confidentiality provisions of the 1939 Act to cover not only investigations of applicants for private detective licenses, but also the newly required investigations of "officer[s], assistant[s], or employee[s] of any holder of any [private detective] license issued under the provisions of this act[ .]" The basic principle of confidentiality remained inviolate; a court order was still required for any release of information obtained by investigation of the applicant and now the licensee's officers, assistants, or employees.

The avowed predicate for sharing information between law enforcement agencies is that it is for a "law enforcement purpose." Here, the information that was disclosed to Passaic was for the purpose of bolstering its decision to terminate appellant's employment as a police officer in an administrative hearing. It requires a very elastic definition of "law enforcement purposes" to bring this particular disclosure within its definition. On the contrary, it reinforces the statutory prohibition that there be no release of information unless a court orders disclosure. In this way, there is no fear of abuse, jeopardizing the privacy rights of an applicant and the assurances to those who provide information about the applicant during the course of the investigation. Indeed, the Legislature has seen fit to make the courts the arbiter of whether the information obtained may be released. The courts are in a position to weigh the privacy interests of the applicant against the need for disclosure, and the parties involved have a forum in which to present their views.

Appellant has also noted for example that the Legislature is clearly capable of expressly providing for disclosure and has done so with respect to the issue of confidentiality of information and data received by the Casino Control Commission. *N.J.S.A.* 5:12–74e reads:

> All information and data pertaining to an applicant's criminal record, family, and background furnished to or obtained by the commission from any source shall be considered confidential and may be withheld in whole or in part, except that any information shall be released upon the lawful order of a court of competent jurisdiction or, with the approval of the Attorney General, to a duly authorized law enforcement agency.

Unlike *N.J.S.A.* 45:19–12, *N.J.S.A.* 5:12–74e provides two exceptions to the prohibition against disclosure of information: (1) by order of a court of competent jurisdiction and (2) release to authorized law enforcement agencies, but only by approval of the Attorney General. Had the Legislature deemed an exception necessary in *N.J.S.A.* 45:19–12, it could have easily included a similar provision so that the State Police would be free to share information with other law enforcement agencies.

■ We are satisfied that the last paragraph of *N.J.S.A.* 45:19–12 requires a court order before the Division of State Police may divulge the results of its investigation of an application for a private detective license. There is no exception extended to the State Police to disclose to other law enforcement agencies for law enforcement purposes the results of the applicant's investigation in connection with a private detective application. We, therefore, reverse the third paragraph of the order on appeal.

Passaic has argued that there existed good cause for disclosing appellant's application and investigative information. Passaic contends that, had the court addressed that issue, it would have had no hesitancy in ordering that the application for the private detective license with the notations thereon be divulged. Likewise, the State has addressed this issue, and appellant has responded to the argument. Rather than prolong these proceedings, and considering the public nature of the issue, we have undertaken to decide the matter as an exercise of our original jurisdiction. *R.* 2:10–5.

It is axiomatic that there is a strong public interest in disciplining police officers that engage in wrongful conduct. Here, Passaic has terminated appellant's employment and that matter is contested by appellant.

The purpose of the pending administrative proceedings is to secure the truth. The information on the private detective application will aid in achieving that objective. The release of this information is for a lawful purpose to which appellant's privacy interest in his application must yield.

■ Lastly, we note that both appellant and the State are in agreement that the ALJ lacks the authority to enter an order to release the information under *N.J.S.A.* 45:19–12 because the administrative court is not "a court of record of this State." We also agree. The Office of Administrative Law is not a court. It is an

administrative agency, and its adjudicative function is part of its regulatory power and does not "'embrace or constitute an exercise of judicial authority.'" *In re Uniform Admin. Procedural Rules,* 90 *N.J.* 85, 93, 447 *A.*2d 151 (1982) (quoting *City of Hackensack v. Winner,* 82 *N.J.* 1, 29, 410 *A.*2d 1146 (1980)); *see also In re Tenure Hearing of Tyler,* 236 *N.J.Super.* 478, 487, 566 *A.*2d 229 (App.Div.1989), *certif. denied,* 121 *N.J.* 615, 583 *A.*2d 315 (1990).

In sum, we reverse the third paragraph of the order. We find, however, that good cause has been shown to order, pursuant to *N.J.S.A.* 45:19–12, that the application with notations thereon be provided to Passaic. Issues of admissibility of evidence, including the document ordered to be disclosed, will be left to the determination of the ALJ at the hearing.

Affirmed in part; reversed in part.