948 A.2d 716 (2008)
400 N.J. Super. 578
GOLDEN DOOR CHARTER SCHOOL, Appellant,
v.
STATE-OPERATED SCHOOL DISTRICT OF the CITY OF JERSEY CITY, HUDSON COUNTY,[1] Respondent.
Docket No. A-0342-07T3
Superior Court of New Jersey, Appellate Division.
Argued May 20, 2008.
Decided June 17, 2008.
Joseph M. Wenzel, argued the cause for appellant.
Charlotte Kitler, General Counsel, argued the cause for respondent State-Operated School District of the City of Jersey City, Hudson County.
Anne Milgram, Attorney General, attorney for respondent State Board of Education (Jennifer L. Campbell, Deputy Attorney General, on the statement in lieu of brief).
Before Judges COBURN, GRALL and CHAMBERS.
*717 PER CURIAM.
Golden Door Charter School appeals from a final determination of the State Board of Education. The Board adopted a written decision of the Commissioner of Education dated March 15, 2007. The Commissioner concluded that the Golden Door Charter School, and not the School District of the City of Jersey City, was responsible for paying the cost of a regular course of home instruction offered to a handicapped student enrolled in the charter school. For the reasons stated in the Commissioner's decision, we affirm the Board's final order.
The decision under review is supported by the record and consistent with the plain language of the controlling statute, N.J.S.A. 18A:36A-11b. See Dore v. Bd. of Educ. of the Twp. of Bedminster, 185 N.J.Super. 447, 453, 449 A.2d 547 (App. Div.1982). The pertinent paragraph provides:
A charter school shall comply with the provisions of chapter 46 [N.J.S. 18A:46-1 to -53] of Title 18A of the New Jersey Statutes concerning the provision of services to handicapped students; except that the fiscal responsibility for any student currently enrolled in or determined to require a private day or residential school shall remain with the district of residence.
[N.J.S.A. 18A:36A-11b (emphasis added).[2]]
The Commissioner and the Board correctly concluded that this statute requires a charter school to bear the cost of educating a disabled child. There is a limited exception that applies to the cost of a "private day or residential school," but that exception is not implicated in this case. Golden Door's child study team recommended a program of in-home instruction for this student. He was neither "currently enrolled in [nor] determined to require a private day or residential school." N.J.S.A. 18A:36A-11b.
Affirmed.
NOTES
[1] Improperly pleaded as City of Jersey City Board of Education.
[2] An amendment to N.J.S.A. 18A:36A-11b, enacted to take effect after the Commissioner's decision in this case, gives a school district an opportunity to challenge a "private day or residential placement." L. 2007, c. 260, § 57 (effective Jan. 13, 2008).