**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1306-19

JAMIE B. TRUNCELLITO,

     Petitioner-Appellant,

v.

BOARD OF EDUCATION
OF THE TOWNSHIP OF
LYNDHURST, BERGEN
COUNTY,

     Respondent-Respondent.

_____

Submitted November 8, 2021 – Decided January 24, 2022

Before Judges Messano and Rose.

On appeal from the New Jersey Commissioner of Education, Docket No. 150-6/18.

Springstead & Maurice, attorneys for appellant (Alfred F. Maurice and Lauren E. McGovern, of counsel and on the briefs).

Sciarrillo, Cornell, Merlino, McKeever & Osborne, LLC, attorneys for respondent Lyndhurst Board of Education (Dennis McKeever and Jaclyn M. Morgese, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent Commissioner of Education (Michal Czarnecki, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Jamie B. Truncellito appeals from the December 3, 2019 final amended decision of the Commissioner of Education, dismissing her petition that sought reinstatement as a nontenured guidance counselor with the Township of Lyndhurst School District. In doing so, the Commissioner rejected the initial decision of the Administrative Law Judge (ALJ), who concluded the Lyndhurst Board of Education's nonrenewal determination was improperly motivated by its desire to fill Truncellito's position with a Lyndhurst resident.

On appeal, Truncellito argues the Commissioner's decision was arbitrary and capricious because, among other things, it ignored the ALJ's factual findings and the governing statute. For the first time on appeal, Truncellito specifically asserts she had a legislatively conferred right to reside anywhere in the State while employed by the school district. Maintaining Truncellito was not rehired for legitimate financial reasons, the Board urges us to affirm. The Board further

2                                                            A-1306-19

contends the ALJ's decision was improperly based on unsupported hearsay evidence.[1]

We have considered the parties' arguments in view of the record and applicable legal standards. Because we conclude the Commissioner erred as a matter of law and failed to consider the ALJ's factual findings and legal conclusion that the Board's decision was arbitrary and capricious, we reverse and remand for further proceedings consistent with this opinion.

We summarize the pertinent facts from the record before the ALJ. During the three-day testimonial hearing, Truncellito testified and called seven District employees, including superintendent, Shauna DeMarco; and Board members, James Vuono, James Donovan, and Erin Keefe. The Board presented the testimony of business administrator, Scott Bisig. The parties also moved into evidence several documents, although they were not referenced in the ALJ's decision.

Hired by the District in August 2016, Truncellito – a nonresident of the Township – was employed as a high school guidance counselor for the 2016-17

---

[1] The parties' briefs violate Rule 2:6-8 by failing to cite the transcripts of the hearing, which were provided upon our request only after the appeal was scheduled. Instead, the parties cite the ALJ's initial decision. It is unclear from the record whether the transcripts were reviewed by the Commissioner.

A-1306-19

and 2017-18 school terms. Following the discovery of a multi-million-dollar deficit in the Board's combined budgets for the 2016-17 and 2017-18 terms, the Board and District administrators considered a reduction in force of nontenured employees and requested the appointment of a state monitor.

On April 25, 2018, DeMarco issued notices of nonrenewal to all nontenured employees. During the Board's May 7, 2018 public meeting, DeMarco and Bisig presented the 2018-19 budget, which revealed the full magnitude of the deficit. Notably, the budget included Truncellito's projected salary for the 2018-19 school term.

Thereafter, DeMarco conferred with department supervisors and identified essential nontenured employees for renewal for the 2018-19 term. On May 23, 2018, Truncellito accepted DeMarco's renewal offer, pending the Board's approval at its upcoming May 29, 2018 meeting. DeMarco did not recommend renewal of the two other counselors assigned to the guidance department because they were less experienced than Truncellito. Lyndhurst resident, Laura Tunnell, held one of those nontenured positions. Prior to the May 29 meeting, DeMarco was advised "the only candidate the Board would support would be Laura Tunnell because she was a 'good kid' from Lyndhurst."

According to Vuono, during the Board's executive meeting, Truncellito's name was removed from the list of nontenured employees so that her position would be considered as a separate line item at the May 29 full Board meeting. He claimed Board vice president, Susan Alcuri, requested his support to rehire Tunnell rather than Truncellito and that finances were not discussed.

Similarly, Keefe testified that during the executive meeting, Alcuri stated unlike Truncellito, the other two guidance counselors were from Lyndhurst and had lower salaries, and "Lyndhurst people should be hired first." Although Keefe described the budget deficit as "substantial," it included Truncellito's salary.

Donovan echoed Keefe's testimony that the budget included the necessary funds to rehire Truncellito. Without specifying Alcuri by name, Donovan stated "certain" Board members were against Truncellito because she was not from Lyndhurst.

In a five-to-four vote during its May 29 meeting, the Board rejected DeMarco's recommendation to rehire Truncellito. Notably, at the hearing before the ALJ, the Board produced none of the members who voted against Truncellito's rehiring. And Bisig testified "he had no knowledge as to why Truncellito was not hired."

5

During the summer of 2018, a state monitor was appointed to manage the District's finances. Empowered to amend the 2018-19 budget, the monitor "did not non-renew any of the non-tenured employees approved" under the budget. As of the hearing, Truncellito's position remained unfilled.

Following the submission of post-hearing briefs, the ALJ issued an initial decision, finding the following facts based on his assessment that "each and every witness" was "entirely credible":

> The moneys necessary to fund Truncellito's employment for the 2018-[]19 school year were available and accounted for in the 2018-[]19 District Budget. Truncellito was non-renewed at the May 29, 2018[] Board meeting because a faction of Board members, including Member Alcuri, wished to free the position held by Truncellito so that it may be filled by a Lyndhurst resident. The decision by these Board members was not motivated by concerns regarding any budget shortfalls but instead the decision was purely motivated by [a]n interest to employ Lyndhurst residents over non-Lyndhurst residents.

Citing N.J.S.A. 18A:27-4.1(b), the ALJ concluded the Board's reasons underscoring its vote against Truncellito were arbitrary and capricious. Accordingly, the ALJ granted Truncellito's petition, thereby reinstating her position as school counselor for the 2019-20 school term, with backpay for the 2018-19 term.

6

The Board filed exceptions to the ALJ's decision, and Truncellito filed a reply. Finding the Board's exceptions were untimely, the Commissioner issued a terse written decision, without considering the Board's exceptions. Without reaching the ALJ's factual findings, the Commissioner rejected the ALJ's decision on legal grounds and dismissed Truncellito's petition. Upon the Board's ensuing application, the Commissioner reopened the matter, considered the Board's exceptions, and amended the final decision to include the Board's contentions. In all other respects, the Commissioner's decision remained unchanged.

"Our review of administrative agency action is limited[,]" Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011), but "we cannot be relegated to a mere rubber-stamp of agency action." Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000). Rather, we engage in a careful and principled examination of the agency's findings. Ibid.

A reviewing "court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413,

422 (2008). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

We are not bound by "an agency's interpretation of a statute or case law," which we review de novo. Russo, 206 N.J. at 27. "When an agency's decision is not accompanied by the necessary findings of fact, the usual remedy is to remand the matter to the agency to correct the deficiency." In re Issuance of a Permit by Dep't of Env't Prot. to Ciba-Geigy Corp., 120 N.J. 164, 173 (1990).

Historically, our courts have recognized a board of education has broad "discretionary authority to decide whether any particular teacher should or should not be reengaged." Donaldson v. Bd. of Educ. of N. Wildwood, 65 N.J. 236, 245-46 (1974). Thus, we have recognized "absent constitutional constraints or legislation affecting the tenure rights of teachers, local boards of education have an almost complete right to terminate the services of a teacher who has no tenure and is regarded as undesirable by the local board." Dore v. Bedminster Twp. Bd. of Educ., 185 N.J. Super. 447, 456 (App. Div. 1982).

After our decision in Dore, in 1995, the Legislature enacted N.J.S.A. 18A:27-4.1(b), which provides in pertinent part:

A board of education shall renew the employment contract of a certified or non-certified officer or employee only upon the recommendation of the chief school administrator and by a roll call majority vote of the full membership of the board. The board shall not withhold its approval for arbitrary and capricious reasons. . . .

[(Emphasis added).]

The statute's plain terms circumscribe the board's power to withhold approval of a non-tenured employee. The board may "decline to follow a [superintendent's] recommendation for renewal but may not do so arbitrarily and capriciously." Jackson Twp. Bd. of Educ. v. Jackson Educ. Ass'n ex rel. Scelba, 334 N.J. Super. 162, 168 (App. Div. 2000).

In the present matter, citing our decision in Dore, the Commissioner dismissed Truncellito's petition, summarily concluding she failed to assert a constitutional or statutory right that would otherwise entitle her to challenge the Board's vote. According to the Commissioner:

A board of education has virtually unlimited discretion in hiring or renewing non-tenured staff members absent constitutional constraints or legislatively-conferred rights. . . . As such, where a non-tenured staff member challenges a district board's decision to terminate her employment on the grounds that the reasons provided by the board are not supported by the facts, she is entitled to litigate that question only if the facts she alleges, if true, would constitute a violation of constitutional or legislatively-conferred rights. . . . In

9

> this case, petitioner has specifically stated that she is not arguing that her constitutional rights were violated. Furthermore, she has not alleged a violation of any legislatively-conferred right.

In doing so, the Commissioner failed to review the ALJ's decision that the Board's conduct was arbitrary and capricious under N.J.S.A. 18A:27-4.1. Indeed, the Commissioner's decision does not reference the statute, which was enacted more than a decade after our decision in <u>Dore</u>. While Truncellito belatedly claims the Board violated her statutory right to live outside Lyndhurst,[2] we conclude the Commissioner erred as a matter of law by failing to consider whether Truncellito sustained her burden of demonstrating the board's decision not to renew her contract was arbitrary and capricious pursuant to N.J.S.A. 18:27-4.1(b), as determined by the ALJ.

We turn briefly to the Board's argument that the hearsay evidence relied upon by the ALJ was not supported by legally competent evidence in the record, and therefore, did not satisfy the "residuum rule" for administrative agency hearings. <u>See</u> N.J.A.C. 1:1-15.5 (permitting the admission of hearsay evidence in an administrative hearing, provided "some legally competent evidence . . .

---

[2] <u>See</u> N.J.S.A. 18A:26-1.1 (providing, in full: "No board of education of any school district shall require any teaching staff member to reside within the school district within which he [or she] is employed.").

exist[s] to support each ultimate finding of fact to an extent sufficient to provide assurances of reliability and to avoid the fact or appearance of arbitrariness"); see also Ruroede v. Borough of Hasbrouck Heights, 214 N.J. 338, 359-60 (2013) ("The competent evidence standard applied to ultimate facts requires affirmance if the finding could reasonably be made.").

From our review of the record, it is unclear whether the Board raised a hearsay challenge before the ALJ.  Other than a single hearsay objection raised by the Board during cross-examination of Keefe – combined with an objection based on the attorney-client privilege – the Board did not object to the testimony concerning Alcuri's conversations with the testifying Board members that the Board now claims ran afoul of the residuum rule.[3]  To be sure, the Board's post-hearing brief challenges the sufficiency of the evidence adduced at the hearing, noting Truncellito "failed to call Ms. Alcuri as a witness."  But the Board's post-hearing brief made no reference whatsoever to N.J.A.C. 1:1-15.5 or the case law interpreting the statute.  This argument appears for the first time in the Board's exceptions to the ALJ's decision.

Notably, however, the Statement of Items Comprising the Record on Appeal lists a motion to bar the testimony of Vuono and Donovan, but the

---

[3] The ALJ noted the Board's objection and permitted the questioning to proceed.

motion is not referenced in the parties' appellate briefs or otherwise referenced in the record before the ALJ. Accordingly, we cannot discern from the record before us whether the hearsay issue was properly raised prior to the hearing, thereby affording Truncellito the opportunity to call Alcuri as a witness if necessary.

We therefore remand the matter to the Commissioner to consider the ALJ's factual findings in view of the governing statutes, the record developed at the hearing, and the parties' arguments before the ALJ. Following review of the record, should the Commissioner reject or modify the ALJ's factual or credibility findings, the Commissioner shall explain why the ALJ's findings were "arbitrary, capricious or unreasonable or [we]re not supported by sufficient, competent, and credible evidence in the record." N.J.S.A. 52:14B-10(c). We do not foreclose the Commissioner's discretion to remand the matter to the ALJ to address the applicability of the residuum rule including, for example, whether the sufficiency of the hearsay evidence adduced at the hearing was raised prior to the commencement of testimony, or whether the hearing should be reopened. In remanding this matter, we express no opinion on the outcome.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION